### ELLEN TWOMEY *vs.* JOHN C. CROWLEY.

Suffolk.   March 6. — May 9, 1884.   DEVENS & COLBURN, JJ., absent.

If the real consideration of a deed of land is an oral promise of the grantee to hold the title and manage the property in trust for the benefit of the grantor and her children, and the grantee has performed, and is ready and willing to perform, his promise, the grantor cannot maintain an action against him to recover the consideration stated in the deed; and oral evidence is admissible to show what the real consideration was.

MORTON, C. J.   The plaintiff relies only upon her third count, which is a count to recover $2000, the amount stated as the consideration of a deed of real estate, conveyed by her to the defendant.

It was shown at the trial that the only consideration of the deed was an oral promise of the defendant to hold the title and manage the property in trust for the benefit of the plaintiff and her children.

The plaintiff asked the court to rule " that the deed declared upon, being an absolute deed, raised no trust which could be

enforced in this Commonwealth, and that it could not be controlled by oral testimony." The court rightly refused this ruling, as being inapplicable to the case. It was competent for the defendant to prove by parol what the real consideration of the deed was. It is true that the oral promise of the defendant created no trust in the land which could be enforced against him, but it was not wholly illegal and void. So long as the defendant performs, and is ready and willing to perform, his oral promise, the law will not impose upon him the obligations of a promise different from that which he has made. If he should refuse to perform his oral contract, and thus rescind it, the law might imply against him a promise to pay the value of the land, in order to prevent the statute of frauds from being made a shield to fraud. *Coughlin* v. *Knowles*, 7 Met. 57. *Basford* v. *Pearson*, 9 Allen, 387.

In the case before us, it was found as a fact, at the trial, that the defendant has performed, and is ready and willing to perform, his promise, which was the real and only consideration of the deed. The plaintiff can maintain her action only by showing a promise by the defendant, express or implied, to pay the consideration named in the deed, or the value of the land. No such promise is shown. The defendant made no such express promise, and the law will not raise an implied promise against him without any fault on his part.

We are therefore of opinion that the rulings at the trial were right. *Exceptions overruled.*

*E. O. Cooke,* for the plaintiff.
*J. A. Maxwell,* for the defendant.