# CHARLESTON.

CANN v. CANN'S HEIRS *et al.*

Submitted Sept. 10, 1898—Decided Dec. 10, 1898.

1.  ADMINISTRATOR—*Statute of Limitations.*
    The syllabus in the case of *Cann* v. *Cann,* 40 W. Va. 138, is approved. (p. 566).

2.  APPEAL—*Defendants.*
    Where adult defendants are negligent of their defense in the lower court, they cannot be heard in an appellate court. (p. 565).

3.  COMMISSIONER IN CHANCERY—*Review on Appeal.*
    A finding of facts by a commissioner, confirmed by the circuit court, is viewed with peculiar respect by this Court, and such finding will not be disturbed unless plainly erroneous. (p. 564).

4.  STATUTE OF LIMITATIONS—*Accrual of Action.*
    If an employer promise to make compensation for services at the time of his death, by will or otherwise, the statute of limitations does not begin to run until the death of such person. (p.566).

Appeal from Circuit Court, Morgan County.

Bill of Harrison Cann against Jacob Cann's heirs and others. From a decree for complainant, the heirs appeal.

*Affirmed.*

DANIEL B. LUCAS, for appellant.

W. H .TRAVERS and FAULKNER & WALKER, for appellee.

DENT, JUDGE:

This case was in this Court before (10 W. Va. 138, 20 S. E. 910),on an appeal from a decree sustaining an exception to a commissioner's report and dismissing the bill. This time it comes here on an appeal from a decree of the circuit court overruling exceptions to a commissioner's report, and confirming the same,—two entirely different conditions, governed by different principles of law. "Every presumption is made in favor of the correctness of the decision of the commissioner in chancery. If the testimony is conflicting, the court rarely interferes with his finding on the facts, provided he makes no error of law affecting the results." *Hartman* v. *Evans,* 38 W. Va. 670, (18 S. E. 810). And this is peculiarly so in this Court when such finding has been confirmed by the circuit Court. *Fry* v. *Feamster,* 36 W. Va. 454, (15 S. E. 253); *Reger* v. *O'Neal,* 33 W. Va. 159, (10 S. E. 375); *Handy* v. *Scott,* 26 W. Va. 710. The evidence is conflicting, and this Court is thereby limited to the question of law raised in the case. Most of these were settled by the former decision. The case was remanded to the circuit court to ascertain what sum, if any, the plaintiff was entitled to recover on a *quantum meruit.* The commissioner fixed the amount at five thousand eight hundred and seventy-four dollars, and the court confirmed his finding, and decreed accordingly. The heirs of Jacob Cann appealed. The bill is taken for confessed as to Sarah Cann, Catherine Ziler, and Emma Cann, adult defendants, who therefore have no standing in this Court, for they should have first made their defense in the lower court. As to them no proof of plaintiff's claim was necessary, under section 26, chapter 125, Code, which provides: "Every material allegation of the

bill not controverted by an answer  *  *  *  shall for the purpose of the suit be taken as true and no proof thereof shall be required." As to the infant defendants the bill cannot be taken as true, but when the proof is satisfactory to the commissioner and the circuit court the decree thereon will rarely be disturbed in their favor, they having reserved rights by statutory enactment until after they arrive at the age of majority. All this was plainly enough stated in the former decision to put the adult defendants on their guard, and gave them the opportunity of making any defense they might have against the plaintiff's demand. They made none. They are, therefore, without standing in this Court. The counsel appear to have misunderstood the former decision. The Court held that the duebill found written in Jacob Cann's account book, not having been delivered, or the contents thereof made know, was neither good as a note nor as a promise to avoid the statute of limitations, but, if held to be genuine, was admissible as evidence to establish a *quantum meruit.* The genuinenes, while admitted to be doubtful was left open for further consideration by the lower court and its commissioner as evidence bearing on the question of *quantum meruit.* The fact that the adult defandants failed to answer denying the plaintiff's right of recovery weighs heavily in favor of the justice of plaintiff's demand. They were his sisters and should have been acquainted with the circumstances ; and a legal admission by them is almost equivalent to positive proof or affirmation. As to themselves it certainly is so regarded by the law of pleading. So the only legal question presented is as to the statute of limitations, and this was virtually settled before. It does not begin to run until the right of action accrues. See first point in syllabus, *Cann* v. *Cann*, above. If this had been a claim for a sum to be paid annually, the right of action would accrue soon as the day of payment expired. Such is not the demand, but it is for the lump services of the plaintiff for about twenty years, for which he was promised compensation by deed or will, in real estate, a lump amount. While he cannot recover the real estate promised, if he has rendered the services in expectancy

thereof, the law will give him the true value of such services in lieu of such land in money. And as he labors in expectancy of such provision to be made by the will of his employer, he has no right to sue, and action does not accrue until after the death of his employer, unless he sooner repudiates the contract, for until such occurence he may fulfill his promise; nor can it be known whether he has done so or not until the existence or non-existence of a will is ascertained. The opinion of JUDGE HOLT in the former case of *Cann* v. *Cann*, 40 W. Va. 154, (20 S. E. 910), is very full and satisfactory on this point, and is referred to and adopted as a part hereof as a true exposition of the law and careful collection of the authorities on this question. "Where a right depends upon some condition or contingency, the cause of action accrues and the statute runs only from the fulfillment of the condition or the contingency." 13 Am. & Eng. Enc. Law, 720. "On a promise to pay for services by will, the cause of action accrues at the employer's death." *Stone* v. *Todd*, 49 N. J. Law, 274, (8 Atl. 300). The decree complained of is affirmed.

*Affirmed.*