# CHARLESTON.

CARTER *v.* GILL *et al.*

Submitted January 22, 1900—Decided March 24, 1900.

1. COMMISSIONER'S REPORT—*Facts—Fraud—Review.*

A finding of facts by a commissioner, confirmed by the circuit court, is viewed by this Court with peculiar respect, and such finding will not be disturbed unless plainly erroneous. (p. 507).

2. WITNESS—*Transaction with Decedant.*

No party to any action, suit, or proceeding, nor any person interested in the event thereof, nor any person from, through, or under whom any such party or interested person derives any interest or title by assignment or otherwise, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination deceased, against the administrator of such deceased person, unless such administrator be examined on his own behalf in regard to the same transaction or communication. (p. 507.)

Appeal from Circuit Court, Cabell County.

Bill by T. H. Carter against T. J. Gill and others. Decree for plaintiff, and J. G. Porter and others appeal.

*Affirmed.*

T. W. PEYTON, for appellants.

CAMPBELL, HOLT & CAMPBELL, and H. C. DUNCAN, JR., for appellee.

ENGLISH, JUDGE:

T. H. Carter, administrator of the estate of Henry A. Gill, deceased, filed his bill in equity in the circuit court of Cabell County at the April rules, 1897, against T. J. Gill and others, alleging that on the 2d of May, 1892, said Gill conveyed to C. W. Campbell, trustee, a certain tract of land situated on the waters of One Mile creek in Lincoln

County, West Virginia, containing two hundred acres, in trust to secure a certain promissory note of even date therewith executed by said T. J. Gill, and payable one day after date, to the order of J. G. Porter, for the sum of nine hundred and fifty dollars; that on July 5, 1892, for value received, said Porter assigned and delivered said note to H. A. Gill, since deceased, and it is now in the hands of his administrator (the plaintiff), due and unpaid, which trust was admitted to record in Lincoln County, on May 2, 1892, and, with said note, is exhibited. The plaintiff, in his bill, also sets forth other deeds of trust executed by T. J. Gill on various tracts of land owned by him in Cabell and Lincoln Counties to secure different parties various amounts owing them. The bill also sets forth judgments for different amounts recovered by various parties against said T. J. Gill, giving the amount of each, and the date the same was docketed, and then alleges that all of said judgments, as he is informed and believes, were paid, with the exception of those in favor of John F. Daniels, Adeline S. Porter, Wysong & Noell, Shem Childers, and Jelenko & Bro., and alleges that said deeds of trust and said unpaid judgments constitute liens upon the real estate of T. J. Gill, and by reason of the liens and incumbrances on the same land by which payment of the amounts due Henry A. Gill is secured he was unable to collect the amounts due him as administrator of Henry A. Gill's estate by sale under the deeds of trust securing same, and he prays that the defendants be required to prove their claims and establish their priorities; that the property of T. J. Gill therein described, and any other property he may have, may be sold by order of the court and distribution of the proceeds made accordingly. John G. Porter, Jacob G. Porter, and the latter as administrator of Jeruel Porter, deceased, filed their joint and separate answer to plaintiff's bill, admitting the execution of the deed of trust dated May 2, 1892, by T. J. Gill to C. W. Campbell, trustee, to secure said note for nine hundred and fifty dollars, executed by T. J. Gill, and payable one day after date to Jacob Porter and J. J. Porter, but allege that the assignment to H. A. Gill was made to him as their agent for the sole purpose of enabling him (Gill) to collect said note, and account to them for the proceeds

thereof. The defendants also set forth certain judgments that were rendered in favor of the Porters against T. J. Gill & Co. and J. F. Gill & Bro., the firm of T. J. Gill & Co. composed of T. G., Elisha, and H. A. Gill, then deceased; and allege that at the time said judgments were rendered, and for the purpose of protecting the interests of H. A. Gill and enabling him to collect the said indebtedness, and thus save himself harmless on the said judgments, they gave him said note for nine hundred and fifty dollars, which he was to collect by a sale of the land conveyed in said trust deed, and account to respondents, and they deny that plaintiff has any interest in said note, or that H. A. Gill, in his lifetime, had any interest therein; and they pray that the plaintiff may be required to reassign the same note to them; that the said land so conveyed to secure the payment of said note be subjected to the payment thereof, and, in case said land shall not sell for a sufficient sum to pay off said trust-deed lien, that then their several judgments may be enforced as to the balance remaining due thereon. The cause was referred to a commissioner to ascertain—First, what real estate T. J. Gill then owned, where situated, and its value; and secondly, what liens then existed upon the property of T. J. Gill, whether by judgment, deed of trust, or otherwise, in whose favor, and their priorities. The commissioner reported as first lien on the two hundred acres in Lincoln County certain taxes, and the said trust deed dated May 2, 1896, to secure the plaintiff, as administrator of H. A. Gill, said nine hundred and fifty dollars, which, with interest to March 8, 1898, amounted to one thousand two hundred and eighty dollars. This item of the account was excepted to by the Porters, which exception was overruled. The action of the court in overruling said exception is the only ground of error relied on by the appellant, who is then confronted with the finding of the commissioner, confirmed by the circuit court, as to the validity and priority of this trust lien for nine hundred and fifty dollars, with its accrued interest, on the two hundred acre tract in Lincoln County.

The decisions of this Court are numerous as to the effect of the confirmation of the finding of a commissioner on questions of fact. In *Cann* v. *Cann's Heirs*, 45 W. Va. 563,

(31 S. E. 923), it is held that: "A finding of facts by a commissioner, confirmed by the circuit court, is viewed with peculiar respect by this Court, and such finding will not be disturbed unless plainly erroneous." Also, in *Hartman* v. *Evans*, 38 W. V. 670, (18 S. E. 810), it was held that: "Every presumption is made in favor of the correctness of the decision of the commissioner in chancery. If the testimony is conflicting, the court rarely interferes with his finding on the facts, provided he makes no error of law affecting the result." See, also, *Fry* v. *Feamster*, 36 W. Va. 454, (15 S. E. 253); *Reger* v. *O'Neal*, 33 W. Va. 159, (10 S. E. 375), 6 L. R. A. 427; and many others. The commissioner's report is excepted to by J. G. and J. J. Porter, so far as the same finds that the note of nine hundred and fifty dollars executed to T. J. Gill, and payable to J. G. and J. J. Porter, secured by trust deed, was not assigned to H. A. Gill, to be by him collected, and the proceeds paid to the payees of said note, as claimed in exceptors' answer. Now, in order to support the contention of defendants, J. G. Porter, a party to the suit in his own right and as administrator, was asked to state, what he knew about the assignment of said nine hundred and fifty dollar note to H. A. Gill. Among other things, he was asked. "Was anything paid you by H. A. Gill for this assignment, or was there any other valuable consideration for the same?" He answered, "No, sir." When attention is called to the fact that this defendant, in his answer to plaintiff's bill, prays that the plaintiff may be required to reassign the said note to him and his brother; that the land conveyed to secure the payment of said note be subjected to the payment thereof, and, in case the land shall not sell for a sufficient sum to pay off said trust-deed lien, that their several judgments may be enforced as to the balance against firms in which H. Gill was a partner, it is perceived that this party defendant is testifying in his own behalf as to transactions had with a deceased person in regard to matters in which he is directly interested, and his testimony was properly disregarded. T. J. Gill, the maker of the note, was also introduced by defendants, and asked to state what he knew about the assignment of said note, and commenced his testimony by saying that the biggest part of the claim for

which this note was given was his individually. He said: "The Porter heirs, Jake and John, and perhaps Adeline, were interested. The Porter heirs concluded they would rather have my brother go into different judgments, and my brother consented to do so, provided they would indorse this note to him to secure him against these judgments." Now, this witness at once shows his interest. He is a party defendant, and testifying in his own behalf as to transactions had with his brother then deceased: and in answer to question eight he testifies as to conversations with his brother, H. A. Gill, as to what disposition he was to make of the proceeds of said note, which was clearly incompetent. It appears that on July 5, 1892, the same day said note for nine hundred and fifty dollars was assigned to H. Gill, which, of course, carried with it the deed of trust by which it was secured, J. J. Porter, assignee of J. G. Porter, administrator, and Adeline S. Porter, assignee of J. G. Porter, administrator, obtained judgments against firms in which H. Gill was a partner for the individual indebtedness of T. J. Gill. This fact tends strongly to show that said note and deed of trust were assigned to H. A. Gill to indemnify him against said judgments. The defendants, however, deny that said H. A. Gill in his lifetime had any interest in said nine hunderd and fifty dollar note, save as agent of defendants to collect same, and they ask that the plaintiff be required to reassign the note to them, that the land described in the trust be subjected to the payment thereof, and, in the event said land does not sell for enough to pay said trust lien, that said several judgments be enforced. In my view of the case, the circuit court committed no error in overruling the exception of the Porters to the commissioner's report, and confirming the same, so far as it found that the note for nine hundred and fifty dollars, executed by T. J. Gill, and payable to J. G. Porter and J. J. Porter, and secured by trust deed on said two hundred acre tract, was not assigned to H. A. Gill to be by him collected, and the proceeds paid to the payees of said note, as claimed in their answer, and in directing a sale of said lands in the bill and proceedings mentioned. The decree is affirmed.

*Affirmed.*