# CHARLESTON.

## PENDLETON *et al. v.* BOWER.

### Decided March 16, 1901.

ACCOUNTING—*Equity—Jurisdiction.*

There being a deed of trust upon land in favor of a decedent's estate, and various payments claimed by the debtor, and disputed by the administrator, not known by him to be valid, or supported by decisive evidence, equity has jurisdiction of a suit in the name of either the administrator, or the trustee, or jointly, to settle the amount due on the debt. (p. 147).

Appeal from Circuit Court, Roane County.

Bill by Walter Pendleton and H. C. Woodyard against M. J. Bower. Judgment for plaintiffs, and defendant appeals.

*Amended and Affirmed.*

W. H. BISHOP and VANDALE & STARKEY, for appellant.

WALTER PENDLETON, for appellees.

BRANNON, PRESIDENT:

M. J. Bower executed to Walter Pendleton, trustee, a deed of trust on two tracts of land in Roane County to secure William

Woodyard a debt of one thousand two hundred and forty-eight dollars and eighty-three cents represented by five notes. Afterwards Bower sold a part of the land to Pursley, taking his notes for the purchase money and assigning them to Woodyard to collect and apply on the trust debt. Still later Bower sold another part of the land to Louisa Boise in consideration of five notes made by Snodgrass, which were also assigned by Bower to Woodyard. Bower also bought goods of Woodyard on credit, and owed Woodyard a debt therefor by open account, and made sundry payments to Woodyard upon the store account. Then Woodyard died, and H. C. Woodyard qualified as his administrator. Pendleton as trustee and Woodyard as administrator filed a bill in equity in the circuit court of Roane County setting up these facts, and averring that whilst Bower had made payments on the store account, they were not informed of their dates and amounts, but that Bower claimed that some of such payments should not be applied upon the store account, but should be applied upon the trust debt. The bill averred that the said administrator had made several efforts to settle the trust matter with Bower, but that they had been unable to agree upon the proper credits to be allowed upon the trust debt; that the said administrator was willing to allow two credits appearing on one of the notes made by Bower to Woodyard, and also the amount of the Pursley and Snodgrass notes, but that Bower claimed further credits of one hundred and eight dollars, another of one hundred dollars, and also for two checks of the Fewsmith Lumber Company, aggregating two hundred and seventeen dollars and sixty cents, and that the plaintiffs did not know the dates of the payments so claimed by Bower. The bill also stated that Bower claimed further credit of one hundred dollars by check of M. Vandal. The bill averred that the administrator, acting in a fiduciary capacity, and having no personal knowledge or information concerning the credits claimed by Bower, and not being satisfied with the facts and evidence produced by Bower to establish such credits, declined to allow the same upon the said trust debt, and the said trust debt being of long standing, nearly nine years, and said administrator disputing the various credits claimed by Bower, Pendleton as trustee alleged his right to come into a court of equity to have these matters of dispute settled and adjusted, so as to remove impediment from a proper and fair execution of his duties as trustee. The bill prayed that an ac-

count might be taken of the payments made by Bower on the said trust debt, and that the amount due on it might be ascertained and fixed by decree. The case resulted in a decree in favor of Woodyard's estate against Bowers for two hundred and ninety-four dollars and sixty-one cents, and subjecting the unsold part of the land embraced in the deed of trust to sale. Bower appealed from the decree.

One ground of complaint against the decree is, that the court overruled Bower's demurrer to the bill. It is claimed that there is no jurisdiction of this suit in equity. There could be no question that the bill shows a right in the administrator alone to maintain the bill, because it distinctly avers that Bower claimed credits which the administrator, from want of information, could not safely allow to Bower, and that he had been unable to effect a settlement of the debt, or to ascertain its amount by arrangement with Bower, and that there were large items, different items in dispute between the administrator and Bower, which they could not adjust, based on credits claimed by Bower which the administrator could not prudently or safely allow for want of evidence, either known to Woodyard from the papers of his estate, or produced by Bower. The law allows a fiduciary in such a case to ask the aid of equity to settle his rights under the deed of trust. But the right of the trustee, of his own motion, to file a bill alone, and much more plainly, jointly with the administrator, is more obvious still than the right of the administrator to do so. Here is an irreconcilable controversy between Bower and Woodyard's estate as to the amount due under the deed of trust arising out of disputed credits running through a number of years and of very considerable amount. If Pendleton had attempted a sale, he would have been enjoined by Bower. It was the duty of Pendleton to file a bill to ascertain the amount due under the deed of trust before sale. The very fact that Bower claimed these divers credits compelled Pendleton, as an impartial trustee between the parties, to file this bill. *Hartman* v. *Evans,* 38 W. Va. 678; *Hogan* v. *Duke,* 20 Grat. 244; *Burlew* v. *Quarrier,* 16 W. Va. 108. In this case the rights of both trustee and administrator to support a claim to the aid of a court of equity are conjoined very properly in one bill.

Complaint is made that the court referred the cause to a commissioner. It could not help doing so. Was the court to hear evidence and make a detailed account itself? The volume of evi-

dence and number of items involved amply justify the reference
for an account. JUDGE WOODS very properly stated the law in
*Thompson* v. *Catlett,* 24 W. Va. 524, thus: "Whether it is proper
to direct a reference to a commissioner or not is a matter in
which the court must of necessity exercise a wide discretion, and
this Court will not for that cause alone reverse a decree otherwise
correct, though it may be that some of the questions referred are
such as the court itself ought to determine."

Next as to the complaint that the court overruled exceptions
of Bower as to the amount found by the commissioner's report
as due from him to Woodyard's estate. This depended upon a
great volume of evidence, diverse, circumstantial, more or less
conflicting; it involved purely questions of fact. Under such
circumstances the rule is that where questions purely of fact are
referred to a commissioner to be reported upon, his findings will
be given great weight, and should be sustained, unless it plainly
appears that they are not warranted by any reasonable view of
the evidence, and this doctrine operates with peculiar force in an
appellate court, where the report has been approved by the cir-
cuit court. *Reger* v. *O'Neil,* 33 W. Va. 159; *Cann* v. *Cann,* 45
W. Va. 563.

A review of the evidence in this case, not only does not show
the commissioner's report to be plainly erroneous as against
Bower, but, on the contrary, shows it to be right. We shall not
detail that evidence here. It would be out of place and answer
no purpose as a precedent. There stands the commissioner's
report which, under the circumstances of this case and the legal
principles above stated, must be controlling and decisive. The
decree is not wrong as against Bower.

The appellee, Woodyard's administrator, complains of the de-
cree, or rather of the commissioner's report, and cross assigns er-
ror, and asks the correction of the decree on the ground that the
report shows on its face that a caluclation of interest on Pursley
notes in the report should be twenty-five dollars and three cents,
instead of twenty dollars and eight cents, which is apparent on
the face of the report. He also complains that the commissioner
allowed the Snodgrass notes as a credit May 25, 1892, whereas
the bill shows that that was the date of the notes, and that they
did not bear interest till one year thereafter, thus losing to
Woodyard's estate one year's interest. This is apparent from the
face of the report. Woodyard's estate claims a further error in

not applying out of a certain credit of two hundred and thirty-seven dollars, a sum sufficient to pay a note given by Bower to the administrator for a balance due on store account, pursuant to an agreement that that store account should be paid out of the said two hundred and thirty-seven dollars, and only the balance of it applied on the trust debt. We cannot sustain this claim by the administrator for the reason that to do so would require us to look into the evidence, which we cannot do, because Woodyard's administrator filed no exception to the commissioner's report. We can correct the decree in the two matters first above mentioned, since, though there was no exception, error therein appears upon the face of the report; but we cannot touch the last matter of error mentioned, even if it exists, because it does not appear upon the face of the report. We can correct error upon the face of a report patent without exception, but not errors not patent on the face of the report. *Kester* v. *Lyon,* 40 W. Va. 161. Making the said corrections, the decree should have been three hundred and forty-three dollars and forty-four cents, instead of two hundred and ninety-four dollars and sixty-one cents. The decree will be corrected accordingly, and, as corrected, affirmed.

*Amended and Affirmed.*