THOMAS J. MORRISSEY, administrator, *vs.* JOHN T. MORRISSEY.

Suffolk.    December 4, 1901. — February 27, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Practice, Civil,* Verdict.    *Contract,* Implied breach.    *Limitations, Statute of. Interest.*

Where issues are framed for a jury, relating to a claim to recover sums paid under a rescinded contract, a general verdict returned by the jury for a definite sum of money, but not rendered upon any issue submitted to them, is of no effect.

Where the plaintiff had advanced certain sums of money to the defendant's intes-

tate in consideration of the intestate's oral agreement to convey or devise her house to him, and the intestate died without doing so, it was *held*, that the plaintiff's right of action to recover the money paid by him accrued only upon the death of the intestate and that the statute of limitations ran from that time. *And semble*, that the plaintiff could recover simple interest from the dates of the several advances, as, a rescission of the contract having been authorized by the conduct of the intestate, he should have his money as of the time when it was advanced.

PETITION in the Probate Court, under Pub. Sts. c. 136, §§ 6, 7, by the administrator of the estate of Catherine Morrissey, praying for the appointment of an arbitrator and the submission to him of the claim of the petitioner against the estate as set forth in an account annexed to the petition, filed September 27, 1900.

Catherine Morrissey died March 18, 1897. In the Probate Court, *Grant*, J. made the following decree: That the report of Lewis G. Farmer, the arbitrator appointed under the foregoing petition, be disallowed as to his finding on the item of $824, being item number 4 of the annexed account of the petitioner, and this item of the petitioner's account is hereby allowed. The report of the arbitrator as to the remaining items in the account is allowed, making the total account of the petitioner's account hereby allowed the sum of $1,364.10.

John T. Morrissey, a person interested in the estate of Catherine, appealed from this decree, and the case was heard by *Barker*, J., who reported it for the consideration of the full court. The material portions of the report are stated by the court.

*E. N. Hill*, for the petitioner.

*T. F. Meehan*, for the respondent.

HOLMES, C. J. This case arises upon the account of an administrator, in which he claims certain sums as due to him from his intestate on the ground that they were advanced to her upon an oral agreement that in return she should convey or devise her house to him, and that she failed to do as she had agreed. The items are stated in the account as money lent, which is a mistake, but nothing turns upon the error at this stage. It can be amended. After an award of arbitrators under Pub. Sts. c. 136, § 6, which was not confirmed, the claim was submitted to a jury by a justice of this court, on appeal from the Probate Court, under § 7. The issues were framed in

the form of three questions, in answer to the first of which the jury found the agreement to have been made as above stated, and thereby established the general correctness of the plaintiff's claim. *Dix* v. *Marcy,* 116 Mass. 416, 417. *Bacon* v. *Parker,* 137 Mass. 309, 311. *Miller* v. *Roberts,* 169 Mass. 134. The second issue was: "Which, if any, of the items in the claim of Thomas J. Morrissey were paid by his own money or by money lent by him to Catherine Morrissey?" The jury answered "All but the item [numbered] 4," an item of $824. Before the verdict was rendered, when the jury came into court, they were asked with regard to this item 4 and explained that they found that of the $824, $700 were advanced, under the agreement, between 1887 and 1889, and $24 on February 9, 1892, the date set against the item. The other $100 represented accumulations while Catherine Morrissey had the money in a savings bank and before she used it as she did on the date of the item to pay off a mortgage on her house. This $100 is not claimed. The justice thereupon, seemingly for the moment conceiving that the claim in respect of the $700 was barred by the statute of limitations, directed the jury to find for the petitioner, except as to item 4, and for $24 on that item, and later received and affirmed the verdict. A general verdict was returned by the jury for a definite sum of money, but this was not rendered upon any issue submitted to them, and was a mistake. The only issues were the three questions.

It appears from what we have recited from the report of the justice that the answer to the second question not only did not express the meaning of the jury with regard to the facts, but that it was rendered under the direction of the justice. This direction was based upon an erroneous view of the law, and was contrary to the more deliberate opinion expressed in the report. The petitioner's cause of action did not arise until the death of the testatrix without having conveyed or devised the land, because only then was there a breach of contract on her part entitling him to demand his money back. See *Eames* v. *Savage,* 14 Mass. 425; *King* v. *Welcome,* 5 Gray, 41, 44. As the written questions were the issues under the statute and the answers to those questions the verdict, and as the statute contemplated the trial of those issues by a jury, it seems to us unadvisable, if not

unpermissible, for us to attempt to rectify the answers in accordance with the informal statements of the jury in court, and the consequence is that the verdict upon the second issue must be set aside.

It may be of use in future proceedings if we add that we see no reason why the petitioner should not be allowed simple interest on the sums advanced by him from the dates of the several advances, not by way of damages, but because, a rescission having been authorized by the conduct of his intestate, he is to have his money as of the time when it was advanced. See *Eastman* v. *Simpson*, 139 Mass. 348, 350; *Sanders* v. *Bryer*, 152 Mass. 141, 145, 146.

*Verdict on second issue set aside.*