## GULLETT, ADMINISTRATOR, v. GULLETT.

[No. 3,627.    Filed April 25, 1902.]

LIMITATION OF ACTIONS.—*Work and Labor.*—*Quantum Meruit.*—*Promise to Pay by Will.*—One rendering services on the promise of the employer to make suitable provision in his will in payment for such work may recover the value of his services on the *quantum meruit*, although the promise is within the statute of frauds.  *p. 672.*

SAME.—*Promise to Pay for Services by Will.*—A cause of action on a promise to pay for services by will does not accrue until the employer's death, and the statute of limitations does not begin to run until such time.  *p. 672.*

CONTRACTS BY INFANTS.—*Emancipation.*—*Work and Labor.*—A complaint against a decedent's estate for services rendered under promise of decedent to make suitable provision therefor in his will, which shows that plaintiff was a minor when the services were rendered, and does not show his emancipation, is bad.  *p. 673.*

From Washington Circuit Court; *D. M. Alspaugh*, Judge.

Action by Alfred Gullett against Andrew N. Gullett, administrator, to recover for services rendered decedent under promise of decedent to make provision therefor in his will. From a judgment for plaintiff, defendant appeals. *Reversed.*

· *H. Morris* and *M. B. Hottel*, for appellant.

*S. H. Mitchell* and *F. P. Cauble*, for appellee.

COMSTOCK, C. J.—Appellee filed his claim against the estate of Andrew Gullett, deceased, in four paragraphs. The first alleged that there was due the plaintiff the sum of $2,000 for work and labor performed by him for Andrew Gullett in his lifetime, between the years 1872 and the 12th day of December, 1886, at the rate of $12.50 per month, for 168 months, which work and labor was performed under circumstances as follows:   That said decedent took the plaintiff into his family to work for him, and promised to make suitable provision in his will for him in the payment for such work.   The claimant remained with and worked for decedent until he was twenty-one years of age, and that Andrew Gullett died on the 22d day of February, 1900, without making any will or provision for him, and that no part of such work had been paid for.   Prayer for judgment for $2,000.   The second paragraph is founded upon the same cause of action and covering the same period of time, but states that appellee was a minor when Andrew Gullett took him into his family, and the appellee worked for decedent until he, Alfred, was twenty-one years of age, and that decedent declared on various occasions that he would make suitable provision for claimant in fixing up his, decedent's, business in payment for such work and labor, but that he died on the 22nd day of February, 1900, without doing so, and that no part of said work had been paid for. Prayer for judgment for $2,000. The verdict of the jury was founded upon the first and second paragraphs of complaint, and it is unnecessary to notice the remaining paragraphs. The jury returned a verdict for the plaintiff, assessing his damages in the sum of $775, for which amount judgment was rendered.   The first, second, and third specifications of error challenge the sufficiency of each paragraph of the complaint; the fourth questions the action of the court in overruling appellant's motion for a new trial.

Counsel for appellant contend that neither paragraph states facts sufficient to constitute a cause of action. It is urged that in each of them a contract is set up which is within the statute of frauds; that in an action on a special contract there can be no recovery on a *quantum meruit.* The contract alleged, being void as within the statute of frauds, can not be ratified by subsequent promises. Under the facts alleged, if the plaintiff was entitled to recover, his cause of action accrued when he arrived at the age of twenty-one years. The six year's statute applies to this kind of an action, and it began to run when the plaintiff arrived at the age of twenty-one years, in 1886. Each paragraph shows that the plaintiff's cause of action accrued more than six years before the death of defendant's decedent. The complaint should allege that the plaintiff had been emancipated.

The complaint seeks to recover for services on a *quantum meruit.* Although an action for damages for breach of contract set out in the complaint would not lie as being within the statute of frauds, the remedy in an action on the *quantum meruit* will lie. *Taggart* v. *Tevanny,* 1 Ind. App. 339; *Wallace* v. *Long,* 105 Ind. 522, 55 Am. Rep. 222.

It is settled in this State that, on a promise to pay for services by will, the cause of action accrues at the employer's death, and the statute does not begin to run until the death of the promisor. See Woollen's Trial Proc. §§755, 756; *Simons* v. *Beaver,* 16 Ind. App. 492; *Schoonover* v. *Vachon,* 121 Ind. 3. Suit was brought within six years of the death of the decedent, and was not, therefore, barred by the statute of limitations. Such a contract serves as evidence to rebut the presumption that the services were intended to be gratuitous. *Taggart* v. *Tevanny, supra; Wallace* v. *Long, supra.*

Without the showing made of the circumstances under which the services were rendered, the cause would be barred by the statute of limitations; it became necessary, there-

fore, also to state facts showing the performance upon the part of the plaintiff of the agreement under which the promise was made.

The first paragraph is fatally defective because it does not aver the plaintiff's performance. The length of service is alleged, but the length of the term contracted for is not stated. The second paragraph has the same defect. In addition it contains no averment of emancipation. The emancipation of an infant means freedom from parental control. Such emancipation may take place in various ways; it may be inferred from the conduct of the parents. *Robinson & Co.* v. *Hathaway*, 150 Ind. 679. This paragraph does not aver emancipation, nor does it contain any statement of facts from which emancipation would be inferred. The services for which compensation is sought were rendered by a minor. The presumption is that the compensation would not be due to him. The paragraph in question does not show that appellee's parents are living. The complaint should show that the right to receive wages claimed was in the appellee. This it does not do. The consideration of the overruling of the motion for a new trial is not necessary.

The judgment is reversed, with instructions to the trial court to sustain the demurrer to the first and second paragraphs of the complaint.