PRESBURY C. CROMWELL *vs.* SUSAN F. NORTON.

Dukes County.    October 22, 1906. — December 18, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Contract*, Implied: common counts, Consideration. *Frauds, Statute of. Trust*, Oral concerning land. *Evidence*, Extrinsic affecting writings, Relevancy. *Limitations, Statute of. Deed*, Consideration.

If one conveys land to another under an oral agreement which the other refuses to perform and cannot be compelled to perform on account of his setting up the statute of frauds, he who conveyed the land can recover its value from the grantee on the ground that the consideration for the conveyance has failed and he is entitled to be reimbursed.

In an action by a brother against his sister to recover the value of land which he conveyed to her by an absolute deed, he can be allowed to show by oral evidence that, being about to go to sea, he conveyed the land to the defendant so that if he did not return she should have it, but with the agreement on her part that if he did return and wanted the land at any time she should reconvey it to him.

In an action by a brother against his sister to recover the value of land which he conveyed to her by an absolute deed, in which the defendant set up the statute of limitations, the plaintiff testified that twenty-four years before the action was brought, being about to go to sea, he conveyed the land to the defendant so that if he did not return she should have it, but with the agreement on her part that if he did return and wanted the land at any time she should reconvey it to him, that he returned, but the fact that he had given the deed to the defendant escaped his attention until it was recalled to him by a transaction about two years before his action was brought, when he demanded a reconveyance of the land, which the defendant refused. It appeared that in the first year after the conveyance the defendant had sold a part of the land and had paid the proceeds to the plaintiff. She claimed the rest of the land as an absolute gift. *Held*, that the statute of limitations did not begin to run until there was a demand for a reconveyance and a refusal, that the fact that the defendant sold a part of the land and accounted to the plaintiff for the proceeds did not constitute a repudiation of the agreement as to the remaining land, and that it would have been wrong to comply with a request of the defendant to instruct the jury that if the agreement was as testified to by the plaintiff the sale constituted a violation of it and the right of action accrued then and was barred by the statute.

In an action by a brother against his sister to recover the value of land which he conveyed to her by an absolute deed, the plaintiff testified that twenty-four years before the action was brought, being about to go to sea, he conveyed the land to the defendant so that if he did not return she should have it, but with the agreement on her part that if he did return and wanted the land at any time she should reconvey it to him, that he returned, but the fact that he had given the deed to the defendant escaped his attention until it was recalled to him by a transaction about two years before his action was brought, when he demanded a reconveyance of the land, which the defendant refused. The presiding judge excluded evidence offered by the defendant to show acts of friendliness and kindness on the part of the defendant toward the plaintiff and their amicable relations. It was conceded by the plaintiff that the relations between them were entirely friendly and amicable down to the time when the plaintiff demanded a reconveyance. *Held,* that the exclusion was right, the evidence offered having no tendency to show that there was a consideration for the deed.

MORTON, J.   This is an action to recover the value of certain real estate conveyed by the plaintiff to the defendant.   The case was tried partly on agreed facts and partly on oral testimony. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to certain rulings and refusals to rule in regard to certain matters of evidence, and in regard to the statute of frauds and the statute of limitations, both of which defences were set up in the answer.

The plaintiff's case was in substance this: In 1880, being about to go to sea, he conveyed the land in question to the defendant, who is his sister, so that if he did not return she should have it, but with the agreement on her part that if he did return and wanted it at any time she should reconvey it to him.   He returned, but the fact that he had given the deed of the land in question escaped his attention, as he testified, till it was recalled to him by her in 1902 in connection with another matter, when he demanded a reconveyance of the land, which she refused.   The defendant contended that she was to sell a part of the land and pay over the proceeds, which she did in 1881, and that as to the rest, being the land in controversy, the conveyance was an absolute one, and she denied that there was any such agreement as alleged by the plaintiff.   So far as the statute of frauds is concerned the case comes within the well settled principle that if one conveys to another land or other property pursuant to an oral agreement which such other party refuses to perform and cannot be compelled to perform because

within the statute, the value of the property so conveyed can be recovered by the party conveying it. *Kelley* v. *Thompson,* 181 Mass. 122. *Peabody* v. *Fellows,* 177 Mass. 290, 293. *Miller* v. *Roberts,* 169 Mass. 134, 145. *Holbrook* v. *Clapp,* 165 Mass. 563. *O'Grady* v. *O'Grady,* 162 Mass. 290. Recovery is allowed in such a case, not as an indirect way of enforcing the contract, which would be contrary to sound principles, but on the ground that the refusal of the defendant to perform constitutes a failure of consideration, and he is therefore bound to make the plaintiff whole for what he has got from him. If the defendant is ready to perform, the fact, that the contract is within the statute and he could set up the statute if he chose to, is immaterial. *Twomey* v. *Crowley,* 137 Mass. 184. So is the exact nature of the undertaking on the part of the party refusing to perform, — whether, for instance, it was to hold in trust or to reconvey. See *Twomey* v. *Crowley, ubi supra.* It follows that the oral testimony in regard to the agreement, to the admission of which the defendant objected, was rightly admitted, and that the ruling of the judge in regard to the statute of frauds was correct.[*]

The statute of limitations did not begin to run until there was a demand for a reconveyance and a refusal, and the agreed facts show that that was not till 1902.[†] *Ryder* v. *Loomis,* 161 Mass. 161, 163. The fact that the defendant sold part of the property and accounted to the plaintiff for the proceeds did not constitute a repudiation of the agreement as to the remaining land, that in suit, and it would therefore have been wrong to instruct the jury as the defendant requested that if the agreement was as testified to by the plaintiff the sale constituted a violation of it, and the right of action accrued then and was barred by the statute. Full effect was given to the matter of the sale and accounting by the

---

[*] The objection of the defendant was, "that any agreement that was entered into between these parties to establish a trust on land, should be proven by the written instrument and not by oral evidence." The judge said: "This is not to enforce any agreement which otherwise would have to be in writing." The counsel for the defendant said: "That is true, but at the same time, this case is founded upon a trust, as it is set out in the declaration." The judge admitted the evidence. See R. L. c. 147, § 1.

[†] The action was begun by a bill in equity which was filed on February 8, 1904, and in April, 1905, was amended by leave of court into an action at law.

instructions of the court, which left it to the jury to draw such inferences therefrom as they might deem proper in determining what the agreement actually was.

The testimony that was offered by the defendant as to acts of friendliness and kindness on the part of the defendant towards the plaintiff, and of their amicable relations, was rightly excluded. It had no tendency to show that there was a consideration for the deed, and it was conceded by the plaintiff that the relations between them were entirely friendly and amicable down to 1902, when the plaintiff demanded a reconveyance.

We see no error in the rulings or refusals to rule or in the instructions to the jury.

*Exceptions overruled.*

*B. T. Hillman,* for the defendant.
*W. A. Morse,* for the plaintiff.