## Wytheville

DUNCAN AND OTHERS V. DUNCAN'S ADMINISTRATRIX.

### June 10, 1915.

1. LIMITATION OF ACTIONS—*Claim Payable at Death of Debtor.*— Upon a demand payable by the debtor at his death, the statute of limitations only begins to run from the happening of that event.

Appeal from a decree of the Circuit Court of Culpeper county. Decree for the complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Waite, Perry & Jeffries* and *Jeffries & Jeffries,* for the appellants.

*Grimsley & Miller, Jno. S. Barbour* and *J. G. Hiden,* for the appellees.

KEITH, P., delivered the opinion of the court.

So much of the record as it is necessary to consider in disposing of the question before us presents the following case: R. R. Duncan died in September, 1912, leaving a widow and seven children. He left a will, by which he made certain provisions for his widow, which she refused to accept, renounced the will and qualified as administratrix with the will annexed. She had taken under her father's will a tract of land which constituted her separate estate and which, during her husband's lifetime was sold and the proceeds were lent to her husband. The administratrix

proceeded to dispose of the personal property and pay the debts of her decedent, but felt it proper with respect to the debt which she claimed was due to herself to file a bill in equity and ask for the instruction of the court upon it, some question having been raised as to whether or not it was barred by the statute of limitations. She filed her bill in which she states her claim against her husband's estate as follows: "About fifteen years ago your oratrix sold a tract of land, which was her separate estate; the proceeds thereof, which amounted to about $1,800.00, she loaned to the said R. R. Duncan, with the distinct understanding that the relation of debtor and creditor should exist between them, and that the amount loaned should be returned to her." There was a demurrer to the bill, and those resisting her claim relied upon the statute of limitations. Upon her motion, which was resisted by the defendants, she was allowed to amend her bill by inserting at the close of the quotation we have just made, the words "at his death;" and thereupon the case coming on to be heard upon the bill and exhibits and the demurrer thereto, the answers of the parties defendant and the depositions of witnesses, the circuit court decreed that the administratrix recover from the estate of her decedent the sum of $1,732.50, with interest from the date the same was received by R. R. Duncan and converted to his own use, and referred the cause to a commissioner of the court to ascertain and report from what date or dates the said amount bears interest, and from that decree an appeal was allowed.

We are of opinion that the evidence clearly proves the debt. There is, indeed, no conflict upon the subject, the defendants having introduced no witnesses.

Upon the authorities, we think it well settled that upon a demand payable by the debtor at his death, the statute of limitations only begins to run from the happening of that event. See *Banks* v. *Howard,* 117 Ga. 94, 43 S. E. 438,

*Gullet* v. *Gullet,* 28 Ind. App. 670, 63 N. E. 782; *Green* v. *Orgain* (Tenn. Ch. App), 46 S. W. 477; *Cann* v. *Cann's Heirs,* 45 W. Va. 563, 31 S. E. 923; *Stone* v. *Todd,* 49 N. J. Law 274, 8 Atl. 300; and *Morrissey* v. *Morrissey,* 180 Mass. 480, 62 N. E. 972.

In the last case it was held that, where the plaintiff had advanced certain sums of money to the defendant's intestate in consideration of the intestate's oral agreement to convey or devise her house to him, and the intestate died without doing so, the plaintiff's right of action to recover the money paid by him accrued only upon the death of the intestate, and that the statute of limitations ran from that time.

Upon the whole case, we are of opinion that there was no error in the decree of the circuit court, which is affirmed.

*Affirmed.*