CORA RAINE *vs.* DANIEL J. SHEA, administrator.

Essex. April 4, 1927. — May 18, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Limitations, Statute of. Contract, Implied.*

In an action against an administrator upon a *quantum meruit* for services rendered to the defendant's intestate from 1910 to his death in January, 1924, it appeared that the defendant's intestate promised "to leave all his property at his death to the plaintiff, provided that she did work about his household and would continue to do so until his death"; that

she fully performed her part of the contract and received no compensation therefor from the defendant's intestate; and that he failed to perform his part of the contract. The judge refused a request by the defendant for a ruling, "In any event, the plaintiff can recover nothing for her services rendered the defendant's intestate earlier than January," 1918. *Held,* that

(1) The ground of the plaintiff's recovery was failure of consideration due to failure of the intestate to perform his agreement on the basis of which the plaintiff rendered her services;

(2) Such failure of the intestate did not occur until his death;

(3) The plaintiff was entitled to recover for the value of her services from 1910.

CONTRACT, with a declaration in three counts, the plaintiff alleging in the third count "that the defendant's intestate on or about the first day of May, 1910, requested the plaintiff to do the work about his house and assist his wife as she had been doing in the past and he promised that if she would do so and assist in looking after him and his wife as long as they should live he would give, convey and leave to her all his property; that she accepted his offer and ever since did the ever increasing work about his house, assisted his wife and nursed her during her last illness; that after her death she continued to do the work about his house and nursed the defendant's intestate in his last illness and until his death; that she has faithfully done and performed all and more than she was required to do under said contract but that he without cause has neglected to perform his part of the contract; and the plaintiff brings this suit to recover the fair value of the services so rendered by her to the defendant's intestate in consideration and reliance upon his said promises, namely, for services rendered the defendant's intestate from May, 1910, to January 8, 1924, the date of his death." Writ dated November 3, 1924.

In the Superior Court, the action was tried before *Cox,* J. The record states: "The case was tried upon the theory that the plaintiff was entitled to recover the consideration given by her in exchange for the promise of the defendant's intestate to leave all his property to her and that she was entitled to recover the fair value of her services so rendered on a quantum meruit basis."

Material evidence and rulings by the judge are stated in

the opinion.   There was a verdict for the plaintiff in the sum of $8,093.75, of which $593.75 represented interest, $1,200 the value of the plaintiff's services for the period 1910 to 1918, and $6,300 the value of her services for the period 1918 to 1924.   The judge reported the action to this court on the terms stated in the opinion.

The case was submitted on briefs.

*J. C. Twomey, W. F. Moyes, & H. W. Dow*, for the plaintiff.

*F. H. Magison*, for the defendant.

CARROLL, J.   In May, 1910, the defendant's intestate promised "to leave all his property at his death to the plaintiff, provided that she did work about his household and would continue to do so until his death."   It is agreed that she fully performed her part of the contract and received no compensation therefor from the defendant's intestate; that he failed to perform his part of the contract. The plaintiff sought to recover the value of her services on a *quantum meruit* basis.   The defendant's intestate died on January 8, 1924.

The defendant relied on the statute of limitations.   He contended that the plaintiff could not recover for services performed before January 8, 1918.   Evidence was admitted of services rendered from May, 1910.   The defendant's request for the instruction, "In any event, the plaintiff can recover nothing for her services rendered the defendant's intestate earlier than January 8, 1918," was refused.

The case is here on a report by the trial judge.   If the ruling that the statute of limitations did not apply was right and the evidence of the plaintiff's services from May 1, 1910, was admissible, the verdict for the plaintiff is to stand.

The failure by the defendant to provide for the vesting of the property in the plaintiff was a breach of the contract. *Donovan* v. *Walsh*, 238 Mass. 356, and cases cited.   It is conceded that the plaintiff could not recover on the contract. *Donovan* v. *Walsh*, *supra*.   But she  could recover on the count for the value of her services rendered, even if the statute of frauds was a bar to the enforcement of the contract. There was a failure of consideration, but the plaintiff, notwithstanding this, is entitled to be compensated for the fair

value of the services performed.  *Cromwell* v. *Norton,* 193
Mass. 291.   *Donovan* v. *Walsh, supra.   Dixon* v. *Lamson,*
242 Mass. 129.   The statute of limitations did not begin
to run on January 8, 1918, as contended by the defendant.
The intestate died January 8, 1924.   At this time there was
a breach of the contract.  The statute of limitations did not
begin to run until the contract was broken by the failure
of the intestate to comply with its terms.   The plaintiff
therefore can recover for the value of her services from May,
1910, to the death of the plaintiff's intestate.   *Morrissey* v.
*Morrissey,* 180 Mass. 480.   *Cromwell* v. *Norton, supra.
Donovan* v. *Walsh, supra.*

The verdict for the plaintiff in the sum of $8,093.75 is to
stand.

*So ordered.*