Briggs, J.
This is an action of contract. The declaration contained a count founded on an express promise to pay five thousand dollars either by will or otherwise for. services rendered by the plaintiff to the defendant’s in-, testate over a period of 19 years, and a count on a quantum' meruit for the fair value of the services rendered over the period of 19 years prior to the death of the defendant’s intestate. The answer was a general denial, and a plea of. the statute of frauds and the statute of limitations as to the first count and a general denial and the statute, of; limitations as to the second count.
The first of these counts was waived by the plaintiff at the trial.
*200 There was. evidence in part as follows: — 'The plaintiff in 1917 was employed in a mill earning about twenty dollars per week when her mother became ill and she stayed at home to care for her. In 1918 the mother partly recovered and the plaintiff expressed a desire to return to her work, but it was still necessary for someone to stay with the mother. The plaintiff had several talks with her mother, who asked her to stay at home and care for her and the home rather than to have a stranger, and her mother told the plaintiff at that time that she would pay her when she died. The plaintiff thereupon gave up her position and cared for her mother and performed the household duties, never being away from her mother one night from 1918 to the time of her mother’s death in .1936, and never received any payments. At the time the plaintiff undertook to stay at home and care for the house and her mother, and during the nineteen, years that she did stay at home, and up to the time of her mother’s death she expected to be paid for her services. During that period the mother often told the plaintiff, as well as other members of the household and neighbors, that she appreciated what the plaintiff was doing for her and that she intended to pay her for the services. On or about October 20,1936 the mother talked with the plaintiff, in the presence of her two other children and an attorney, and stated that she realized that the plaintiff had given up her life to care for her and the home and that she had always told the plaintiff that she would pay her for the services and that she wanted to make arrangements to pay for the services now. The attorney made certain suggestions as to what she could do to take care of the plaintiff. About four weeks later the same parties met for another talk. At this time the mother stated to the' plaintiff,, in the presence of the others,, that she had been *201 thinking the matter over and had decided that $5000.00 was a fair amount to pay to the plaintiff for the services which she was rendering and had rendered for the past nineteen years. At this conference the plaintiff told her mother that she believed the sum named was fair compensation to her for the services rendered for the past nineteen years. The mother stated that she would either withdraw the money from the bank or would make a will making such a provision therein for the plaintiff. On December 12, 1936 before anything was paid to the plaintiff the mother died intestate.
At the close of the trial the defendant duly submitted several requests for rulings. The case was not argued orally and the only contention made by the defendant in his brief relates to the 5th request. We accordingly assume that he has waived his claim of report as to the others. We have, however, considered them, and find no prejudicial error.
The 5th request was as follows:
“Where a person enters into an agreement with another to live with, and care for that other, and no time limit is set for payment for the services to be rendered thereunder, but both parties expect that the services shall be paid for even though no amount is agreed upon at the time of the beginning of the services, but it is understood that such person would have a right of action against that other for the said services at the conclusion of each week, month, or year as the services were rendered in such a case, that person can only recover in an action against the administrator of the estate of that other who died without paying for said services, the fair value of the services for six years immediately preceding the decease of that other.”
As to all of the requests the Court said — “Requests consistent with findings of fact are given, and others are re *202 fused” and found for the plaintiff in the sum. of $5000.00, and made special findings of fact herein referred to.
The defendant claims that his-fifth request was consistent with the findings of fact given and became the law of the case, and that the finding covering nineteen years service is inconsistent with it.
Obviously the defendant is in error. This request was directed to a part only of the evidence. There was no- evidence in the case that the plaintiff would be entitled to compensation prior to the breach or termination of the relations shown to exist.
The Court, in a special finding, found that:
‘ ‘ Plaintiff was employed by a local mill in 1918 earning approximately $20.00 a week. At the request of her mother she gave up her position. In December of this year her mother asked her to stay home- with her to look after her and the home. She further told plaintiff that she would see that plaintiff was paid by bequest in her will or otherwise. The plaintiff remained at home caring for her mother and the home until her mother’s death December, 1936. Plaintiff was never away from her mother’s side one night since 1918. The uneo-ntradicted evidence in the case was that the plaintiff never received any payment from her mother or anyone else for the work performed. Shortly, before her death, her mother told plaintiff that $5000.00 is fair compensation for the services performed by the plaintiff in loo-king after her mother and the home”.
There was ample evidence to support the finding that services were rendered by the plaintiff after 1918 in the expectation of receiving payment for them which were accepted with knowledge of that expectation by the mother and with an undertaking on the part of the latter to pay for them either at her death or oh'some further occasion to be determined by her. In such circumstances the statute of *203 limitations would not begin to run against the plaintiff until a definite breach by the mother. Tower vs. Jenney, 279 Mass. 211; Raine vs. Shea, 259 Mass. 412. That breach did not occur, as shown by the report, until her death and .her absolute failure to provide by will or otherwise for the plaintiff. It could not properly be ruled, as a matter of law, that recovery was limited by the statute of limitations.
It was for the Court to determine whether a contractual relation existed which would support recovery. Rizzo vs. Cunningham et al. exors., 1939 A. S. (Mass.) 695.
From the fact that the Court allowed recovery for the full nineteen years it is clear that the 5th request should be treated as denied. There is no inconsistency.
The trial judge was not obligated to instruct himself by giving a request which became inconsistent with facts found, provided he found the facts with the clarity and definiteness to demonstrate the correctness of the assertion. Commonwealth vs. Hull, Mass. Adv. Sh. (1937) 15, 24.
Whatever criticism may be made of the manner in which. the trial judge dealt with the requests, we think that his intention was clear, and that no prejudicial error exists. Bresnick vs. Heath, 292 Mass. 293.
The entry will be,
Report Dismissed.