PRESTON B. RUNYAN *vs.* HARRY VAN IDERSTINE, executor.

Suffolk.    March 20, 1918. — May 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Frauds, Statute of.    Contract,* To make a bequest.    *Attorney at Law.*

The provisions of R. L. c. 74, § 6, prevent the maintenance of an action of contract by an attorney at law against the executor of a will to enforce an oral agreement by the defendant's testator to bequeath to the plaintiff a certain sum of money in payment for services at that time already rendered and to be rendered to the testator by the plaintiff as an attorney at law.

CONTRACT upon an oral agreement by Louisa H. Schubeler, the defendant's testatrix, to pay to the plaintiff $1,000 for professional services rendered and to be rendered to her as her attorney by bequeathing that amount to him in her will.    Writ dated October 4, 1915.

In the Superior Court the action was tried before *McLaughlin,* J.    The material evidence is described in the opinion.    At the close of the evidence by order of the judge the jury returned a verdict for the defendant.    The plaintiff alleged exceptions.

*J. W. Keith,* for the plaintiff.

*I. F. Carpenter,* for the defendant.

CARROLL, J.    This is an action of contract to recover under an oral agreement, by which the defendant's testatrix was to pay the plaintiff for his services as her attorney by bequeathing to him the sum of $1,000.    The plaintiff disclaimed any right to recover for the value of his services; he sought to recover solely upon the agreement, and "waived any other right to maintain this action."    The defendant's answer was a general denial, the statute of limitations and the statute of frauds.    The court directed a verdict for the defendant.

R. L. c. 74, § 6, provides that no agreement to make a will or give a legacy shall be binding unless the agreement is in writing. It is plain, therefore, that the plaintiff cannot recover on the oral agreement upon which he relies; and the fact that the promise was made to pay by legacy for the services which had been per-

formed, and the services to be performed in the future, does not give the plaintiff the right to recover on the contract. The statute was passed to prevent fraud and perjury, and is a bar to recovering on an agreement where a promise is made to pay a debt by giving a legacy to the creditor. *Emery* v. *Burbank,* 163 Mass. 326.

*Exceptions overruled.*