HENRY P. SHOPNECK *vs.* EMANUEL ROSENBLOOM, executor.

Suffolk.    May 2, 1950. — June 5, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Frauds, Statute of. Contract,* Implied, To make will, Consideration, Performance and breach. *Limitations, Statute of. Release. Accord and Satisfaction. Evidence,* Conflicting statements of witness.

The statute of frauds, which was pleaded, barred recovery in an action against the executor of a woman's will upon an oral agreement by the decedent to "take care of . . . [the plaintiff] at her death, by will," for money lent by the plaintiff to her.

One, who had lent money to a woman upon her oral promise to repay him during her lifetime or to "take care of . . . [him] at her death, by will," was entitled, upon her death without either having repaid him or having made any provision for repayment in her will, to recover the amount of the loan from her executor in an action upon an account annexed on the ground of total failure of consideration and of restoring to the lender what she had got from him.

A breach by a borrower of money of a promise to repay it during her lifetime or to "take care of . . . [the lender] at her death, by will,"

did not occur until the death of the borrower without either having repaid the money or having made any provision for its repayment in her will, and the statute of limitations did not commence to run against the lender's claim until the borrower's death.

The effect of the whole testimony of the plaintiff in an action to recover the amount of a loan was for the jury where the plaintiff made no binding election between his testimony on cross-examination that he accepted a deed of real estate from the borrower "in full payment of" the debt and his testimony on redirect examination that he took the deed merely as security for the debt and not as a settlement.

A finding that a lender of money had made a settlement with the borrower releasing the borrower from liability to him was not required by testimony which the jury could properly have interpreted as showing that a deed of real estate given by the borrower to the lender was taken only as security for the debt rather than in settlement thereof, and by evidence that, upon the borrower's bringing a suit to rescind the deed shortly after it was given, the lender reconveyed the real estate in order to "put the parties 'in status quo.'"

CONTRACT. Writ in the Superior Court dated May 8, 1948.

The defendant alleged exceptions following a trial before *Goldberg*, J.

*A. V. A. Thomason*, for the defendant.

*S. H. Rudman*, for the plaintiff.

SPALDING, J. The declaration in this action of contract contains two counts. The first count alleges that the plaintiff over a period of years lent sums of money aggregating $35,000 to the defendant's testatrix, upon her promise to repay them during her lifetime and, if she did not, to provide by her will an amount sufficient to satisfy this indebtedness. The second count is upon an account annexed to recover the same amount. The answer, among other things, sets up the statute of frauds, the statute of limitations, and a release. The plaintiff had a verdict, and the question for decision is whether the judge erred in denying the defendant's motion for a directed verdict.

The following is a summary of the evidence most favorable to the plaintiff: The plaintiff is the son of Rose Rosenbloom, who died on December 1, 1946, leaving a will of which the defendant is the executor. During the period between 1920 and 1930 the plaintiff lent various sums of money to his

mother. When borrowing these sums his mother orally promised that she would repay the plaintiff during her lifetime and if she did not "she would take care of . . . [him] at her death, by will." In March, 1930, the plaintiff told his mother that he did not desire to live in her household any longer and that they ought to settle their financial affairs. On March 28, 1930, the plaintiff accompanied by his mother and her husband (the plaintiff's stepfather) went to the office of her attorney, Mr. Welansky. Mr. Welansky stated that the records indicated that the amount owed by Mrs. Rosenbloom to the plaintiff was over $30,000 and that over $4,000 was owed the plaintiff by his stepfather. "As a result of Welansky's computation, the plaintiff's mother deeded to the plaintiff on said date an undivided half-interest in several parcels of real estate subject to mortgages thereon; and the plaintiff's stepfather gave the plaintiff a promissory note for $4,000 and a mortgage on real estate which . . . [he] owned." In his cross-examination the plaintiff testified that "he received the deed and the mortgage in full payment of all the obligations due him from his mother and from her husband." On redirect examination he testified that these were taken merely as security for the loans and not as a settlement. On April 2, 1930 (five days later), the plaintiff's mother and stepfather brought a suit in equity to set aside the transaction on the ground that it had been procured by fraud. On April 5 the plaintiff reconveyed the real estate to his mother and made an assignment to her of the mortgage. He did this to "put the parties 'in status quo.'" From April, 1930, down to November, 1946, when the plaintiff visited his mother in a hospital a few days before she died, he saw her only two or three times "casually or accidentally." It does not appear that any payments were made on the loans after that time.

On the foregoing evidence the plaintiff was entitled to go to the jury. There could, of course, be no recovery under the first count which alleged a contract to make a will. Since the agreement here was oral, the statute of frauds, which was pleaded, is a defence. G. L. (Ter. Ed.) c. 259,

§ 5. *Runyan* v. *Van Iderstine,* 230 Mass. 428. *Downey* v. *Union Trust Co.* 312 Mass. 405, 410–411. But under the second count (account annexed) the plaintiff could recover. The "rule is that if a plaintiff has paid money, conveyed property, or rendered services under an oral agreement within the statute of frauds, which agreement the defendant wholly refuses to perform, he can recover the money paid, or the value of the property conveyed, or of the services rendered; in that case there is a total failure of consideration and the plaintiff can recover the value of any benefit inuring to the defendant as a result of the transaction." *Kelley* v. *Thompson,* 181 Mass. 122, 124. *Miller* v. *Roberts,* 169 Mass. 134, 145. *Cromwell* v. *Norton,* 193 Mass. 291. *Dixon* v. *Lamson,* 242 Mass. 129, 137. Recovery in such a case is allowed not as a means of circumventing the statute but because in fairness the defendant ought to make the plaintiff whole for what he has got from him. *Cromwell* v. *Norton,* 193 Mass. 291, 293. *Downey* v. *Union Trust Co.* 312 Mass. 405, 411. That principle is applicable here.

The statute of limitations did not bar recovery. If, as the defendant contends, the statute commenced to run from March 28, 1930, when the transaction between the plaintiff and his mother and stepfather took place, it would be a bar, for there was no evidence introduced which would take the case out of the statute. But the cause of action did not accrue at that time. It did not arise until the death of the defendant's testatrix on December 1, 1946, without having repaid the money or provided for its repayment by will, because only then was there a breach of contract on her part entitling the plaintiff to demand his money back. *Morrissey* v. *Morrissey,* 180 Mass. 480, 482. *Raine* v. *Shea,* 259 Mass. 412. *Tower* v. *Jenney,* 279 Mass. 208, 211.

A finding that the plaintiff on March 28, 1930, had made a settlement with his mother which had the effect of releasing her from further liability was not required. True, as stated above, some of the plaintiff's testimony would have warranted such a finding, but he also testified that he

received the property from his mother merely as security. At no time did he make a binding election between his conflicting statements. The effect of his testimony was for the jury. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. Moreover, there was evidence that a few days after the plaintiff received the property from his mother he reconveyed it to her "to put the parties 'in status quo.'"

We find nothing in any of the other points argued by the defendant that requires discussion.

*Exceptions overruled.*