*Southern District*

**RONALD P. CARROLL**

v.

**ROGER A. GOYETTE**

*Present*: Nash, C. J., Cox & Murphy, JJ.

Case tried to *Lee, J.* in the Third District Court of Bristol. No. 1006.

*Cox, J.* This is an action of contract and tort. *Count* 1 alleges a breach of a contract of bailment of the plaintiff's automobile, it having been stolen while in the defendant's possession and damaged. *Count* 2 is in tort for the same cause of action, negligence of the defendant being alleged as the cause of the theft and resulting damage.

There was a decision for the plaintiff in the sum of $237.86, the justice finding that the defendant was negligent.

The case was reported because the defendant claims to be aggrieved by the allowance of the·plaintiff's request for rulings numbers 1, 2, 3, 4 and 5 and the denial of the defendant's request for rulings numbers 1, 2, 5, 7 and 8. The defendant has waived his request number 5.

The first contention argued by the defendant relates to the denial of his requests

numbers 1 and 2. Number 1 (contract) is that *"On all the evidence the finding should be for the defendant under count one."* Number 2 is the same except that it relates to count two (tort). The defendant contends that it was prejudicial error for the judge to deny both requests and then to make a general finding under a declaration both in tort and contract without specifying under which count the finding was made. He concedes "The. finding may stand either in contract or in tort, but in view of the requests, the finding should have been specified as to counts." In support of his contention he cites *Rock-Ola Mfg. Corp. v. Music & Television Corp.,* 339 Mass. 416. That case, at page 425, cites G. L. c. 231, §7, Sixth, which provides that

"Causes of action in contract and in tort shall not be joined, except when they arise out of the same matter, and in such case they shall be stated in separate counts and be . . . . . determined together, and the plaintiff shall not be required to elect between them."

That opinion makes it clear that in any case, like the one before us, where the clause applies, the plaintiff cannot be required to elect between tort and contract counts prior to the decision of the case.

But the situation is quite different after the case has been tried and a decision made. The *Rock-Ola* case involved counts for money had and received and counts for

conversion. The court points out (page 426) that "Recovery for money had and received . . . is on a theory inconsistent with that underlying recovery for conversion." The court makes it abundantly clear that after a finding on both counts a plaintiff, not the judge, may be required to elect whether he wishes to have judgment on the tort or contract count. " . . . so that separate judgments, based on inconsistent theories, against the same person for the same acts, will not be outstanding simultaneously."

In the case before us, because clause Sixth is applicable, the plaintiff was entitled to a decision on each or both counts for or against him, without being required to make an election prior to the justice's decision. We treat the decision as one for the plaintiff on both counts. However, the plaintiff may be required to elect before the case goes to judgment whether he wishes judgment on the contract count or on the tort count if the defendant wishes to seek such an election. *Rock-Ola Mfg. Corp. v. Music & Television Corp.*, 339 Mass. 416, 425-427.

It follows from what has been said, that the judge commited no error in denying the defendant's first two requests for rulings and then making the general finding for the plaintiff on both counts, finding for the plaintiff on each count being warranted, and in fact conceded. The judge was required to make a decision on each count. This in effect

he did by finding on both counts for the plaintiff. *Rock-Ola Mfg. Corp. v. Music & Television Corp.,* 339 Mass. 416, 426. The defendant's requests numbers 1 and 2 were not the vehicle by which to raise the point he argues. As there was evidence which would warrant a finding for the plaintiff on both counts 1 and 2, the request could not have been allowed. *Memishian v. Phipps,* 311 Mass. 521, 522.

The defendant's requests numbers 1 and 2 also conflict with Rule 27 of the District Courts (1965) which provides that "No review as of right shall lie to the refusal of a request for a ruling 'upon all the evidence' in a case admitting of specification on the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified." The requests were rightly denied on that ground. *Okin v. Sullivan,* 307 Mass. 227, 228; *Sokoloski v. Splann,* 311 Mass. 203, 205, 206.

The defendant next contends that it was error to deny his request number 7 that *"On all the evidence, and as a matter of law, there was an accord and satisfaction completed between the plaintiff and defendant."* We treat this request as one which specifies the ground upon which it is based and proceed to consider it. (Rule 27).

On this point there was evidence that the plaintiff's automobile was found on the morn-

ing following its theft and that the transmission was damaged. It was returned to the defendant's premises. The plaintiff's insurer was notified. The insurer sent its agent to inspect the vehicle. No repair work was done on the automobile until an approval to repair it was obtained from the insurer. The insurer's agent and the defendant entered into an agreement as to the cost of repairing the vehicle and reviewed all the necessary parts which were placed in the new transmission. The agent inspected the work of repair from time to time. When the vehicle was repaired the insurer authorized the drawing of a check for the amount agreed upon by the defendant and the insurer's agent. The check was delivered to the plaintiff who endorsed it over to the defendant in payment for the repairs. The insurer then brought this action against the defendant in the plaintiff's name. The judge found that the plaintiff's insurer was under a legal obligation to make the payment and by making it became subrogated to the plaintiff's rights, including the right to bring this action in the plaintiff's name. He held against the defendant's claim of accord and satisfaction.

It being a fact that the insurer has paid for the loss which the plaintiff sustained because of the theft of his automobile, the insurer became subrogated to the plaintiff's rights, as the judge rightly held. The insurer may maintain this action against the defend-

ant in the plaintiff's name, the automobile having been left in the defendant's custody and having been stolen and damaged because of the defendant's negligence. *Stevens v. Stewart-Warner Speedometer Corp.*, 223 Mass. 44.

The defendant's liability to the plaintiff was not extinguished by the agreement relating to the cost of the repairs. If the defendant's contention of accord and satisfaction were sustained it is manifest that he would receive payment for the consequences of his own actionable wrong. That clearly was not the intention of the parties. The arrangements between the defendant and the insurer's agent related only to agreeing upon the cost of repairing the damage, which cost the insurer was obligated to pay in the first instance. The issuing of the insurer's check to the plaintiff who endorsed it over to the defendant resulted in nothing more significant than would have been the case if the repairs had been done by someone other than the defendant. The defendant in either case would remain responsible for the damage caused by his negligence. *Stevens v. Stewart-Warner Speedometer Corp.*, 223 Mass. 44, 46. The question whether an accord and satisfaction was intended and effected presented a question of fact. On the evidence the judge was well warranted in finding that there was no accord and satisfaction. The defendant's request number 7 was rightly denied. *McFaden v. Nord-*

*bloom,* 307 Mass. 574; *Champlin v. Jackson,* 313 Mass. 487, 489; *Shopneck v. Rosenbloom,* 326 Mass. 81, 84, 85.

The third contention which the defendant makes is that it was error to deny his request number 8 that *"On all the evidence, and as a matter 'of law, the plaintiff is estopped by his conduct after the theft and recovery of his vehicle to maintain this action."*

Whether there was a waiver by the plaintiff and his insurer of the plaintiff's claim against the defendant because of the arrangement which was made for the repair of the damaged vehicle after its recovery and whether, as a consequence, the insurer as the real plaintiff is now estopped to maintain this action, was a question of fact to be determined by the justice. *Forman v. Hamilburg,* 300 Mass. 138, 142; *Levin v. Rose,* 302 Mass. 378, 382; *Stern v. Liberman,* 307 Mass. 77, 82; *National Development Co. v. Gray,* 316 Mass. 240, 251, 252; *Metropolitan Tr. Au'y v. Railway Exp. Ag'y,* 323 Mass. 707, 709; *Louis M. Herman Co., Inc. v. Gallagher Electrical Co., Inc.,* 334 Mass. 652, 657; *Sheppard Envelope Co. v. Arcade Malleable Iron Co.,* 335 Mass. 180, 185, 186; *Quality Finance Co. v. Hurley,* 337 Mass. 150, 155, 156; *Baglio v. N.Y. Cen. RR.,* 344 Mass. 14, 19 (cited by defendant). It is difficult to see how the judge could have arrived at any conclusion other than the one he did.

We see no error of law in the denial of the defendant's request number 8.

Finally, the defendant claims error in the allowance of the plaintiff's request for rulings numbers 1 and 3. He has not argued with reference to numbers 2, 4 and 5. We therefore treat his objection to their allowance as waived. Numbers 1 and 3 are as follows:

"1. If the court finds that the plaintiff left his automobile in the care or custody of the defendant for the purpose of making an inspection of the motor vehicle, as is required by law and that the defendant, his agent or servant, left the motor vehicle on an unattended and unprotected lot of land during the night hours, and as a result the plaintiff's automobile was stolen, then the defendant was guilty of negligence because he failed to exercise the degree of care toward the object bailed which a reasonably prudent and careful man would exercise with reference to his own property."

"3. If the court finds there existed between the parties a bailment for their mutual benefit then the defendant became obligated to exercise the quality of care with respect to the plaintiff's automobile which a reasonably prudent and careful man would use with respect to his own property of a similar nature and if the plaintiff's automobile was stolen while in the defendant's care or custody this constituted negligence on the part of the defendant."

The defendant contends that the allowance of these requests raises the standard of care required of the defendant as bailee to that of an insurer, responsible for the loss under any circumstances. That is the only point which he makes with reference to those requests. We do not agree.

It is true that "In the absence of contract increasing the liability of a bailee, he is not liable for loss or damage occurring without his fault." *Perrault v. Circle Club, Inc.,* 326 Mass. 458, 459. But, as a bailee for hire it was the defendant's duty to exercise due care in protecting the automobile from being lost or damaged so that he might return it to the plaintiff in as good condition as when he received it. *Soutier v. Kaplow,* 330 Mass. 448, 450. The fact that the vehicle was stolen while in the plaintiff's possession as bailee for hire permitted an inference that it was stolen because of the defendant's negligence.

"If the theft occurred when an attendant was present a finding was warranted that he was negligent in not knowing of the attempt to steal and preventing it. If, on the other hand, the theft occurred when no attendant was present, no precautions whatever were then being used by the defendant to protect the plaintiff's automobile. It could have been found that the theft of the plaintiff's automobile was a natural and probable result of negligence for the consequences of which the defendant was responsible."

*Sandler v. Commonwealth Station Co.,* 307 Mass. 470, 474, and cases there cited.

While the judge was not required to find that the defendant was negligent he certainly was warranted in doing so. *Soutier v. Kaplow,* 330 Mass. 440, 451. We do not consider the allowance of request number 3 as a ruling that a finding of negligence was required but rather that the facts assumed in the request permitted a finding of negligence and that the request was so regarded by the judge in allowing it, and indeed by the defendant who makes no contention to the contrary. The granting of the plaintiff's requests numbers 1 and 4 as well as his special findings bears this out and demonstrates that the defendant was not prejudiced. Number 4, objection to which was waived by the defendant is as follows:

"4.    If the court finds that the defendant or his servants or agents, left the plaintiff's automobile in an unattended and unprotected lot of land with the keys of the automobile under the front seat and the automobile was stolen, these facts warrant a finding that the defendant was negligent in the performance of his duty as a bailee for hire and that his negligence was the proximate cause of the theft."

The special findings of the justice bearing on the point were as follows:

"I find that the defendant was obligated to exercise the quality of care with respect to the plaintiff's automobile which a reasonably prudent

and careful man would do with respect to his own property of a similar nature and would be liable to the bailor for damages to it caused by his ordinary negligence.

"I further find that the defendant had the car moved from his main garage space to a lot across the street where the ignition was locked and the key hidden under the right seat. The car itself was not locked.

"There were instructions left by the defendant that this car was to be back on the pit in the main garage before the station closed at 9:00 P.M.

"I find that this was not done (sic) in fact the car was stolen before 10:30 P.M. that evening from the lot across the street and subsequently was damaged before it was recovered. This conduct on the part of the defendant constitutes negligence and the plaintiff is entitled to recover damages."

The foregoing indicates that the judge did not instruct himself that theft without fault on the defendant's part was actionable. On the contrary, his rulings and findings correctly stated and correctly applied the law relating to the defendant's responsibility as a bailee for hire. We see no error prejudicial to the defendant resulting from the allowance of the plaintiff's requests numbers 1 and 3. This case is governed by cases such as: *Stevens v. Stewart-Warner Speedometer Corp.*, 223 Mass. 44; *Sandler v. Commonwealth Station Co.*, 307 Mass. 470; *Butler v. Bowdoin Square Garage, Inc.*, 329 Mass. 28, 30-31; *Soutier v.*

*Kaplow,* 330 Mass. 448. See also *Hayes v. Maykel Automobile Co.,* 234 Mass. 198, 203; *Doherty v. Ernst,* 284 Mass. 341; *D. A. Schulte, Inc. v. North Term. Garage Co.,* 291 Mass. 251, 256.

*As no prejudicial error is shown the report should be dismissed.*

J. B. Davidson, of New Bedford, for the Plaintiff.

E. J. Harrington, Jr., of New Bedford, for the Defendant.