HARRY J. WATTERS & another [1] *vs.* AUDREY F. THOMPSON, individually and as executrix.

Middlesex.   October 11, 1968. — October 31, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Contract,* For sale of real estate, Performance and breach, Consideration, What constitutes.  *Volunteer.  Payment.*

Where an agreement for sale and purchase of real estate provided that if the buyers, husband and wife, should fail to perform their undertaking the deposit made by them should be retained by the sellers as liquidated damages, the facts that the husband died after execution of the agreement and before the time set for passing papers, that his widow, a nonresident, was left with minor children and it was financially impossible for her individually or as executrix of his estate to complete the purchase, that she did not do so, that the sellers, knowing of her financial condition, "agreed" to return the deposit when and if they resold the property, and that the sellers resold the property but did not return the deposit to the widow, did not show an impossibility of performance of the sale and purchase contract entitling her to a return of the deposit, nor show that the promise to return the deposit was supported by consideration.   [645–646]

Payment by judgment debtors in an action of the amount of the execution therein in order to avoid a sale of their land on execution was not made "voluntarily" so as to preclude them from maintaining a writ of audita querela to set aside and annul the proceedings in the earlier action and to recover the amount so paid by them.   [646]

AUDITA QUERELA.   Writ in the Superior Court dated November 19, 1965.

The defendant excepted to an order by *DeSaulnier, J.,* striking from the docket affidavits of defence filed to procure removal of a default.

The case was submitted on briefs.

*Richard L. Wilder* for the defendant.

*Donald R. Grant* for the plaintiffs.

[1] Violet N. Watters.

WILKINS, C.J.   By this writ of audita querela the plaintiffs, who were the defendants in a prior action in the Superior Court for Middlesex County, seek to set aside and annul those proceedings and to recover the amount paid by them in satisfaction of the execution issued in that action, G. L. c. 249, § 1.   *Dingman* v. *Myers,* 13 Gray, 1.

Service in the case at bar was made upon Richard L. Wilder, Esquire, who had represented the widow of John H. Vranizan, now Audrey F. Thompson, in the prior action in which she was plaintiff, both individually and as executrix. No appearance or answer was filed for the defendant within twenty-one days after the return day of the writ, which was January 3, 1966.   On April 6, 1966, on motion of the plaintiffs, there was entered an order defaulting the defendant.

On April 18, 1966, there was filed "Defendants' Motion to Vacate the Order Defaulting Defendants," which recited that it was made "appearing specially."   On February 23, 1967, the plaintiffs moved to strike that motion on the ground, among others, that the motion did not comply with any of the requirements of Rule 27 of the Superior Court (1954).   On March 14, 1967, a judge entered the following: "The Court deems the defendants' motion . . . to be a general appearance notwithstanding the language '. . . and appearing specially . . .' as contained therein.   The within motion is denied upon the filing by the defendants within 10 days of an affidavit of the facts relied on by them in defense as is required under Superior Court Rule 27 (c); [1] if such affidavit is not filed as aforesaid the within motion is allowed."

On March 24, 1967, there were filed affidavits of Audrey F. Thompson and Richard L. Wilder, which are hereinafter considered.

On May 17, 1967, another judge entered an order which contained a ruling that the affidavits of defence failed to

---

[1] Rule 27.   "A . . . default in an action at law shall not be removed . . . after the day upon which it is entered, except . . . (c) upon motion supported by affidavit of the facts relied on in . . . defense, notice to the adverse party, and such proof as the court may require that a . . . defense is intended in good faith."

satisfy the intent and purpose of Rule 27 (c) and struck them from the docket. To this order the defendant excepted.

On June 28, 1967, there was a finding for the plaintiffs in the amount of $5,676.62 with interest of $607.40.

Other material facts are derived from the declaration which was inserted in the writ of audita querela. In April, 1963, the defendant Thompson and her late husband, John H. Vranizan, as "buyer" of certain real estate in Weston under a written agreement deposited with the "seller" $5,000 as security for the performance of the undertaking of the "buyer." The agreement further provided that if the "buyer" should fail to perform his undertaking, the deposit was to be retained by the "seller" as liquidated damages. The "buyer" failed to perform, and the "seller" retained the deposit as liquidated damages. On or about August 27, 1963, the "seller," having sold the Weston real estate to a third party, moved to Pennsylvania, where they now reside. Subsequent to the date of the written agreement, but before the date of performance, John H. Vranizan died testate, a resident of Newton, and his widow was appointed executrix by the Probate Court for Middlesex County on or about October 17, 1963. By writ in the Superior Court for Middlesex County dated November 30, 1964, and returnable the first Monday of January, 1965, Audrey F. Vranizan, individually and as executrix, brought an action against the plaintiffs in the case at bar to recover the deposit. The writ set forth that the last known address of the defendants (the plaintiffs here) was 80 Beaver Road, Weston. Upon that writ a real estate attachment was made of another parcel of land on Walnut Road, Weston. No service was made on the defendants (the plaintiffs here). The writ was amended to describe the defendants (the plaintiffs here) as being of parts unknown, although their mailing address either was known to the attorney, or could have been easily ascertained. After an order of notice pursuant to G. L. c. 227, § 7, the defendants (the plaintiffs here) were defaulted, and on June 21, 1965, a judgment was entered in the amount of $5,502.62. On June 22, 1965, the attorney for the plaintiff (the defendant here)

without filing the bond required by G. L. c. 227, § 9,[1] pro-
cured an execution, which was caused to be levied on the
Walnut Road land. The plaintiffs here first learned of the
pendency of that action on September 9, 1965, and on Sep-
tember 16, 1965, in order to save the land from the impending
sale, caused the amount of the execution and costs to be
paid to a deputy sheriff.

In the absence of exceptions duly taken to the respective
rulings (see Rule 72 of the Superior Court [1954]), we do not
decide whether service on the attorney in the former action
was valid as to the defendant, either individually or as execu-
trix of the will of her late husband, or whether there was a
violation of the short statute of limitations. See G. L.
c. 197, § 9, as amended. In so doing we, of course, make no
intimation of error. The defendant has not argued that there
was error in the order construing her motion to vacate to be
a general appearance. See S. J. C. Rule 1:13, 351 Mass. 738.

The ruling that the affidavits of defence failed to comply
with Rule 27 of the Superior Court was right. Neither
affidavit sets forth facts constituting a valid defence. The
Thompson affidavit sets forth her residence in Florida, and
enumerates that John H. Vranizan, her late husband and
joint buyer under the original real estate agreement, died
after its execution and before the time set for passing papers,
leaving her a widow with three minor children; that it be-
came financially impossible for her to complete the purchase;
that the plaintiffs, knowing of her financial condition, agreed
to return the $5,000 deposit when and if they resold the
property to some other party; and that on November 19,
1963, the plaintiffs did resell the property but did not return

---

[1] "If judgment in a personal action is rendered under the preceding sec-
tion upon the default of a defendant who is absent from the commonwealth
or whose residence is unknown, the plaintiff shall not take out execution
thereon within one year thereafter, unless he files with the clerk of the court
a bond payable to the defendant with one or more sureties, approved by the
clerk or, upon appeal from his decision as to the sufficiency of the sureties, by
a justice of the court rendering the judgment, in a sum equal to double the
amount recovered, conditioned to repay the amount so recovered if the judg-
ment is reversed, or so much of the amount as shall be recovered upon a re-
view brought by the original defendant within one year after the original
judgment."

the deposit.   The statements in the Thompson affidavit are not facts which constitute a valid defence of impossibility of performance.   *White* v. *Allen*, 133 Mass. 423, 424.   *Drummond* v. *Crane*, 159 Mass. 577, 578.   Williston, Contracts (Rev. ed.) § 1945.   Restatement: Contracts, § 455.

If the plaintiffs "agreed" to return the deposit upon resale, such an agreement would have been without consideration.   *Tri-City Concrete Co. Inc.* v. *A. L. A. Constr. Co.* 343 Mass. 425, 427.   There was no explicit promise to forbear should the deposit be returned.   Such a promise would have been an indispensable requirement of a valid contract.   *Spillane* v. *Yarnalowicz*, 252 Mass. 168, 171.   *O'Connor* v. *National Metals Co.* 317 Mass. 303, 306.   *London Clothes, Ltd.* v. *Maryland Cas. Co.* 318 Mass. 692, 701.

The Wilder affidavit contains no facts which could be properly relied on by way of defence as required by Rule 27.

The defendant's argument that the plaintiffs "voluntarily" paid the execution is unsupported in the record, where it is stated that the payment was to avoid a sale of real estate upon which an execution had been levied.

*Exceptions overruled.*