MILDRED SLISKI, administratrix, *vs.* CATHERINE L. KROL, administratrix.

Worcester.    February 10, 1972. — March 3, 1972.

Present: TAURO, C.J., SPIEGEL, REARDON, & BRAUCHER, JJ.

*Frauds, Statute of.    Contract,* Performance and breach, For personal services.    *Limitations, Statute of.    Survival of Action.*

Recovery in an action of the fair value of services rendered by the plaintiff's intestate to the defendant's intestate pursuant to an oral agreement by the defendant's intestate to compensate for such services in his will was not barred by the statute of frauds.    [314]

Evidence of physical disability preventing continuance of services under an oral agreement to compensate for such services warranted a finding that there was no breach of the agreement by termination of the services and did not preclude recovery for the services actually rendered.    [314-315]

An action, for the fair value of services rendered pursuant to an oral agreement by the defendant's intestate to compensate for such services in his will, commenced within one year after the death of the defendant's intestate, but sixteen years after termination of the services, was not barred by the statute of limitations, G. L. c. 260, § 2, since the right of action did not accrue until failure to provide for payment in a will.    [315]

A right of action for the fair value of services rendered pursuant to an oral promise to compensate for such services in the will of the promisor survived the death of the promisee and was enforceable by his personal representative even though the right of action did not accrue until the death of the promisor intestate subsequent to the death of the promisee.    [316]

CONTRACT.    Writ in the Superior Court dated June 8, 1966.

The action was tried before *Vallely, J.*

*John J. O'Connell* for the plaintiff.

*William H. Welch* for the defendant.

TAURO, C.J.    This is an action of contract by the administratrix of the estate of Alphonse Krol against the administratrix of the estate of John Krol.    The plaintiff contends that the intestates, John Krol and Alphonse Krol (father and son) entered into an oral agreement

whereby certain services rendered by Alphonse for his father would be compensated for by a provision in the will of the father. The father failed to make such a provision in his will and the plaintiff seeks recovery for the fair value of the services rendered by her intestate.

The jury returned a verdict for the plaintiff. The case is here on the plaintiff's exception to the allowance by the trial judge of the defendant's motion for the entry of a verdict under leave reserved.

The evidence warranted jury findings that Alphonse did render such services for his father under such an oral agreement until May 1, 1950, when the services were terminated by Alphonse because of his illness. Alphonse died on June 2, 1954. John Krol died on August 28, 1965, without making provision in his will as agreed.

The plaintiff was appointed administratrix of the estate of Alphonse Krol on September 20, 1965. The defendant was appointed administratrix of the estate of John Krol on November 24, 1965. This action was begun by writ dated June 8, 1966.

The defendant's principal contentions are that the action is barred by the statute of frauds; that Alphonse broke the oral agreement when he discontinued his services to his father on May 1, 1950; that the suit is barred by the statute of limitations; that Alphonse Krol's cause of action did not survive his death and thus it could not be enforced by the administratrix of his estate.

1. The law is clear that the action is not barred by the statute of frauds. *Shopneck* v. *Rosenbloom,* 326 Mass. 81.

2. We cannot agree that Alphonse broke the agreement by terminating his services on May 1, 1950, because of his illness. The jury could have found that because of physical disability he was unable to continue with the work and, therefore, there was no wilful and unjustifiable departure by Alphonse from the terms of the agreement. *Jackson* v. *Boston Safe Deposit & Trust Co.* 310 Mass. 593. *Stearns* v. *Blevins,* 262 Mass. 577.

Moreover, the plaintiff seeks only to recover for the fair value of services actually rendered.

3. We reject the defendant's contention that the action (commenced on June 8, 1966) is barred by the statute of limitations (G. L. c. 260, § 2, as appearing in St. 1948, c. 274, § 1). The short answer to this contention is that the cause of action did not accrue until the oral agreement was broken by the defendant's intestate by his failure to provide in his will for the payment of Alphonse's services. *Shopneck* v. *Rosenbloom,* 326 Mass. 81.[1] The action was begun within a year after the death of the defendant's intestate on August 28, 1965. Therefore, the plaintiff's action is not barred by the six year statute of limitations. General Laws c. 260, § 10, as amended by St. 1937, c. 406, § 2, has no application. (This statute has reference to cases where the right of action accrued during a lifetime of decedent.)

"It is an underlying principle in the application of the statute of limitations that before it can begin to run there must be some one in existence by whom, and a different person against whom, the claim may be enforced." *Bremer* v. *Williams,* 210 Mass. 256, 258.

In an action by a creditor against a widow to account for the premiums paid by her husband on a life insurance policy, this court held that the cause of action did not accrue and the statute of limitations did not begin to run until the death of the husband. *York* v. *Flaherty,* 210 Mass. 35, 40.

4. The right of action survived the death of Alphonse Krol. "The general rule is that a right of action founded upon a contract survives the person entitled in his lifetime to sue, so that the right passes upon his death to his personal representative."[2] *Drewen* v. *Bank*

---

[1] In the *Shopneck* case at p. 84, we stated: "[T]he cause of action did not accrue . . . until the death of the defendant's testatrix . . . without having . . . provided for its repayment by will."

[2] The fact that, in the instant case, the son predeceased the father does not change this rule. The debt remained after the son's death and became collectible at the father's death.

*of Manhattan Co.* 31 N. J. 110, 118, citing Schouler, Executors, § 277 (3d ed.). G. L. c. 228, § 1. See *Price* v. *Holmes,* 198 Kans. 100, 106. In the *Drewen* case, with an analogous factual situation, the court stated: "It is not unusual that at death a decedent owns contract rights that he could not have enforced while alive. . . . If the note falls due or the account becomes payable during the administration of the estate . . . an action may be prosecuted by his personal representative despite the fact that during the life of the decedent it could not have been." *Id.* at 121-122. Here, although the oral contract could not have been enforced while the parties were alive, the death of the defendant's intestate and his consequent failure to make the required provisions in his will presented a "fully ripened cause of action that passes upon death." *Id.* at 122.

The cases relied on by the defendant are clearly distinguishable. They involve actions brought under the death statute. "The [death] statute evidenced an intention to set a definite limit to the time within which an action might be brought, regardless of the situation of the estate of the deceased with reference to administration. . . . As this statute limited *right as well as remedy,* the principle laid down in *Bremer* v. *Williams,* 210 Mass. 256, 258, that 'before it can begin to run there must be some one in existence by whom, and a different person against whom, the claim may be enforced' . . . did not apply" (emphasis supplied). *Bickford* v. *Furber,* 271 Mass. 94, 97. See *Martinelli* v. *Burke,* 298 Mass. 390.

The plaintiff's exceptions are sustained and judgment is to be entered on the verdict returned by the jury.

*So ordered.*