FRAMINGHAM WELDING AND ENGINEERING CORPORATION *vs.* BENNIE COTTON, INC. & another.[1] March 7, 1972. By this bill in equity the plaintiff seeks to reach and apply funds due to Bennie Cotton, Inc. (the assignor) from Gevyn Construction Corporation (the account debtor) and also to recover the same funds as assignee of an assigned account. By a duly served subpoena the account debtor was required to file its answer by August 25, 1969, but failed to do so. Meanwhile, the indebtedness of the assignor to the plaintiff was established and payments ordered by an interlocutory decree entered by consent on July 17, 1969, "not intended to prejudice any rights of [the] plaintiff against [the account debtor]." On September 11, 1969, the account debtor moved for permission to file its answer late, and on September 12, 1969, the plaintiff moved for a final decree and filed a notice to admit facts. On September 24, 1969, the account debtor removed the case to the Federal District Court, and served on the plaintiff an answer and a statement in response to the notice to admit facts. On January 12, 1970, the Federal Court ordered the case remanded, and thereafter the account debtor moved for leave to file late the answer and statement. Instead, an interlocutory decree was entered taking the bill for confessed against the account debtor, and a final decree established the indebtedness of both the assignor and the account debtor and directed the account debtor to pay it. The account debtor appeals from both decrees. No abuse of discretion appears in the failure to permit the answer to be filed late. Rules 2 and 27 of the Superior Court (1954). *Prunier* v. *Schulman*, 261 Mass. 417, 419. *Lovell* v. *Lovell*, 276 Mass. 10, 11–12. *Watters* v. *Thompson*, 354 Mass. 642, 645.

---

[1] Gevyn Construction Corporation.

Rescript Opinions.

The proposed answer admits receipt of notice of the alleged assignment, and the supporting affidavits admit payments thereafter to and for the account of the assignor. The account debtor seeks to avoid the effect of G. L. c. 106, § 9–318 (3), as appearing in St. 1957, c. 765, § 1, by alleging a contract term rendered ineffective by § 9–318 (4), and argues that the latter provision is inapplicable under § 9–104 (f) on the basis of facts not alleged in the answer or supporting affidavits. Other proposed defences are similarly unsupported.

*Interlocutory decree affirmed.*

*Final decree affirmed with costs of appeal.*

*Joseph T. Fahy* (*Richard L. Morningstar* with him) for Gevyn Construction Corporation.

*Jack H. Backman* for the plaintiff.