*Southern District*

# No. 141

## CLARENCE V. LaBONTE, JR. and WILLIAM L. GREER, III
### Conservators of Estate of John P.Donahue
## and RICHARD A. GRIFFIN,
### Administrator of Estate of Nicki A. Donahue
### v.
## EDWARD E. MILLER, JR., INC.

Argued: May 19, 1976. Decided: Dec. 28, 1976.

Case tried to *White, J.,* in the Third District Court of Plymouth.   No. 30149.

Present: Lee, P. J.; Tamkin, Hurd, J.J.

**Lee, P. J.** This is an action of contract, whereby the conservators of the estate of John P. Donahue and the administrator of the estate of Nicki A. Donahue seek to recover a deposit made pursuant to a written agreement for the purchase of land and building of a house thereon, to be constructed by the defendant.

The answer was a general denial and an assertion that the defendant performed his part of the agreement.

There was a finding for the defendant.

*The material evidence in this case shows that*: John P. Donahue was alleged to have slain his wife, Nicki A. Donahue, on September 22, 1974 and was committed to the Massachusetts Correctional Institution at Bridgewater in September 1974 and remained there into 1975.

A written agreement had been entered into between the Donahues and the defendant on June 24, 1974 for the purchase of land and construction of a home thereon by the defendant for the Donahues.

The agreed price was $34,200.00 and a deposit was made by the Donahues of $3,400.00.

The defendant had knowledge of the commitment of John P. Donahue and the death of Nicki A. Donahue prior to November 22, 1974, the scheduled date for the passing of title, but after the completion of the house in October 1974.

A mortgage commitment had been given by an authorized lending institution to the Donahues and an attorney for said institution and the seller appeared at the Registry of Deeds on November 22, 1974 prepared to consummate the transaction. No one appeared on behalf of the Donahues.

The conservators were duly appointed on October 22, 1974 and the administrator on January 8, 1975 and they commenced this action on March 3, 1975.

The plaintiffs, claiming to be aggrieved by the court's general finding for the defendant and its denial of requests for rulings, one through four (1-4), appeal to this Division.

The requests for rulings of law are as follows:

1. Nicki A. Donahue, as a result of being deceased; and John P. Donahue, as a result of being incarcerated in the Massachusetts Correctional Institution at Bridgewater for observation prior to the real estate closing could not perform their obligations.

2. The defendant failed to properly execute the purchase and sale agreement and therefore, the said Nicki A. Donahue and John P. Donahue's obligations under said agreement were vitiated.

3. The obligations of said Nicki A. Donahue and John P. Donahue under said purchase and sale agreement were vitiated as a result of their not being able to obtain a mortgage as provided in said agreement.

4. As a matter of law, the court may enter a ruling that the plaintiffs have stated a case and that judgment may be entered for the plaintiffs.

The court found the following facts:

I find as a fact that the defendant corporation through its broker realtor, Henry Hamels, executed a purchase and sale agreement of a lot of land at No. 31 Bonny Briar Drive, Plymouth, Massachusetts with John P. Donahue and Nicki A. Donahue, husband and wife.

The defendant agreed to sell said lot and construct a home in accordance with said agreement, stipulating the type of house to be constructed and the sale price of $34,200.00. A deposit of $3,400.00 was made by the buyers.

I further find that the defendant did comply with its part of the agreement and built said house in accordance with the agreement.

I find that the agreement was properly executed.

The issues in this case are whether or not the plaintiffs are excused from performance under the doctrine of impossibility of performance and if not, was the defendant ready, willing and able to convey the property at the agreed passing date under the terms of the contract.

The purchase and sales agreement specified that if the buyers (plaintiffs) shall fail to fulfill the buyers' agreement herein, all payments made hereunder by the buyer may, at the option of the seller (defendant) be retained by the seller as liquidated damages.

A party to a contract is excused from performing under the doctrine of impossibility under the following circumstances:

1. The contract is for personal services and the individual dies or through illness is prevented from performing. *Kowal v. Sportswear by Revere, Inc.,* 351 Mass. 541, 544. (1967). *Rayner v. McCabe,* 319 Mass. 311, 313 (1946). *Stearns v. Blevins,* 262 Mass. 577, 580 (1938). *Sliski v. Krol,* 361 Mass. 313, 314 (1972).

2. The subject matter of the transaction is destroyed. *Eliot National Bank v. Beal,* 141 Mass. 566, 567. (1886).

3. Performance becomes illegal.

4. Where performance becomes impossible by virtue of some other unanticipated event not within the contemplation of the parties at the time the contract was made. *J. Gavigan Corp. v. Wampatuck Country Club of Canton,* 344 Mass. 762, 762. (1962).

Generally, impracticability will not excuse performance, nor will the fact that performance is more diffi-

cult than originally expected. *N. J. Magnan Co. v. Fuller,* 222 Mass. 530, 533 (1916). *Watters v. Thompson,* 354 Mass. 642, 645, 646 (1968).

In the latter case a husband and wife contracted to purchase land and before the date of the performance the husband died leaving his wife and three small children and little money. The wife was not excused from performance.

The death of Nicki A. Donahue by itself did not excuse performance by John A. Donahue because hardship or difficulty is not adequate ground for release from performance.

There are added facts, however, which are a matter of concern. Nicki A. Donahue was slain prior to the passing date for conveyance and John P. Donahue was incarcerated in prison under a mental commitment at the time set for said conveyance.

This was not a personal contract which could be excused on account of illness, nor was it illegal, or was the subject matter destroyed. The question then is does the death of Nicki Donahue and the incarceration of John P. Donahue raise such a case for impracticability to excuse the performance of the contract.

We think not and reason that a conveyance could have been made to their legal representatives, who would receive a benefit thereby with a suitable occupancy, resale or rental.

The other point in issue is whether or not there was compliance with the terms of this contract so as to allow a conveyance on the assigned date. The plaintiff raises three points in particular:

(a) The plaintiffs were not able to obtain a mortgage and thereby were excused from performance, as set out in a special provision of the contract. There was uncontradicted evidence, however, that a mortgage was available for the plaintiffs.

(b) The signing of the instrument was improper in that the signature was that of a corporation only and did not contain the additional signatures of an officer authorized to sign for said corporation. This certainly would have been the better procedure, but we feel that the intent of all the parties was clear and in addition the contract was ratified by the Donahues upon a deposit of $3,400.00.

(c) The plaintiffs raise the question of this being a joint undertaking and therefore with the death of Nicki A. Donahue, there is an impossibility of performance. We have covered this point in discussing the impracticability of performance supra and restate that it is not a valid excuse for non-performance.

We also note, although it was not raised by the plaintiffs in their brief, that the administrator for the estate of Nicki A. Donahue was not appointed until after the date for performance, but we attribute this to laches on the part of the plaintiffs and at any rate a reasonable continuance could have been granted for that purpose on the date set for conveyance. The point not being raised, however, we are not required to consider it. *Lavigne v. Weiner*, 14 Mass. App. Dec. 150, 152 (1957). Rule 64F, Rules of Civil Procedure, District Courts.

There being no prejudicial error, **the report is ordered dismissed.**