Coven, J.
This is a Dist./Mun. Cts. R. A D. A, Rule 5 report by the trial judge of a single question of law which appears to be one of first impression; namely, whether a G.L.c. 93A cause of action survives the death of the plaintiff.
The report indicates that plaintiff Francisco Ferreira commenced this action in 1996 to recover damages for the defendant’s refusal, in a classic “bait and switch” scheme, to provide an apartment for which the plaintiff had signed a lease twelve months earlier and paid the first and last month’s rent plus a security deposit. The complaint set forth claims for breach of contract, promissory estoppel and unfair and deceptive practices in violation of G.L.c. 93A
On February 27, 1997, the court allowed the plaintiff's motion for summary judgment as to liability only based on unanswered requests for admissions, and directed the parties to mark the case for a damages assessment hearing. On March 21,1997, a suggestion of the plaintiffs death was filed. After the executrix was substituted for the plaintiff, the court assessed what it termed “compensatory contract damages” in the amount of $3,220.00 on the G.L.c. 93A count. The court then trebled the damages to $9,660.00, and also awarded $3,225.00 in attorney’s fees.
The defendant filed motions to alter or amend the judgment and to dismiss the G.L.c. 93A counts on the ground that actions pursuant to G.L.c. 93A do not survive the death of a party. The court denied the defendant’s motion to dismiss, but amended the judgment by reducing the award to actual damages of $3,225.00, thereby eliminating both the punitive damages and attorney’s fees previously awarded. The judge thereafter reported his rulings to this Division pursuant to Rule 5.
1. “It has uniformly been held ... that the nature of the damages sued for, rather than the form of remedy, is the test” of whether an action survives the death of a party. Hey v. Prime, 197 Mass. 474, 475-476 (1908). As the trial judge in this case noted, this principle derives from the historical development of the nature and purposes of damage awards.
*155 So long as the recovery of damages was regarded as a matter of personal vengeance and punishment as between transgressor and his victim, death erased the purpose of a civil action between them. The legal successor of the deceased party was neither the wronged nor the wrongdoer and had no personal involvement in the wrong... [W]hen the function of damage awards came to be recognized as compensatory rather than punitive, the reason for the rule [that no actions in tort survived the death of a party] ceased to exist.
Harrison v. Loyal Protective Life Ins. Co., 379 Mass. 212, 216-217 (1979), quoting from Smedley, Wrongful Death — Bases of the Common Law Rules, 13 Vand. L. Rev. 605,608-609 (1960). See PROSSER, TORTS §126 (4th ed. 1971).
At common law in Massachusetts, actions in contract have long been held to survive the death of the plaintiff. McStowe v. Bornstein, 377 Mass. 804, 806-807 (1979); Sliski v. Krol, 361 Mass. 313, 315 (1972).[4] The reason is the customary nature of the damages sought, rather than any rigid classification of causes of action.[5] The ordinary measure of damages in a breach of contract action is that amount which will restore the plaintiff to the position he would have been in if the contract had been performed. Mailman’s Steam Carpet Cleaning Corp. v. Lizotte, 415 Mass. 865, 869 (1993); Szalla v. Locke, 37 Mass. App. Ct. 346, 352 (1994). Damages for breach of contract are thus compensatory in that they are proportionate to the harm suffered by the plaintiff and intended to redress his individual injury or loss. Conversely, punitive damages serve the policies of punishment and deterrence, Burt v. Meyer, 400 Mass. 185, 189 (1987), and are not necessarily commensurate with the plaintiffs loss. As such damages are designed to address the defendant's conduct rather than the plaintiffs recoupment, an award of punitive damages to the successor of a deceased plaintiff would constitute an unjust windfall. For these reasons, actions for punitive damages generally abate, while claims for compensatory damages ordinarily survive the death of a party. Glanz v. Vernici, 750 F. Supp. 39, 44 (D. Mass. 1990).
2. In the case at bar, the trial court made a finding for the plaintiff on his G.L.c. 93A claim. It is frequently stated that G.L.c. 93A was enacted to “create new substantive rights by making conduct unlawful which was not previously unlawful under the common law or any prior statute. The statutory language is not dependent on traditional tort or contract law concepts for its definition.” Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 626 (1978). Actions pursuant to the statute are thus considered “neither wholly tortious nor wholly contractual in nature,” but may sound in contract or tort or both. Slaney v. Westwood Auto, Inc., 366 Mass. 688, 704 (1975).
It is clear, however, that the substance of the plaintiffs claim herein is contractual in nature. Recovery was sought for the defendant’s breach of the parties’ contract in failing to deliver the apartment leased by the plaintiff. The court indeed specified that the actual damages it assessed in the amount of $3,200.00 were “compensatory contract damages.” There was, therefore, no error in the court’s ruling that the claim for single, compensatory damages under G.L.c. 93A survived the death of the plaintiff.
*156 3. The court also correctly amended judgment following the death of the plaintiff to eliminate its assessment of treble damages against the defendant. While the multiple damages provision of G.L.c. 93, §9 serves additional Legislative purposes, including promoting reasonable pretrial settlement of controversies, Nader v. Citron, 372 Mass. 96, 100 (1977), the principal design of the provision “is to impose a penalty, one which ‘varies with the culpability of the defendant.’” Makino, U.S.A. v. Metlife Cap. Credit Corp., 25 Mass. App. Ct. 302, 320 (1988), quoting from International Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 856-857 (1983). Clearly, G.L.c. 93A double and triple damages are punitive in nature, and a claim for such damages does not survive the death of the plaintiff.
4. Section 9 of G.L.c. 93A also provides for an award of costs and “reasonable” attorney’s fees upon a finding of a violation of §2 of the statute. Attorney’s fees are not limited to, or awarded only in conjunction with, multiple damages for knowing and willful conduct, and are thus unrelated to the degree of the defendant’s culpability or the callousness of his conduct. Legal fees are awarded under §9 upon any finding of an unfair and deceptive act in violation of G.L.c. 93A. Jet Line Services, Inc. v. American Employers Ins. Co., 404 Mass. 706, 718 n.12 (1989). See also Leardi v. Brown, 394 Mass. 151, 168 (1985) (attorney’s fees awarded even though plaintiff entitled to only nominal damages of $25.00).
A party prevailing on his G.L.c. 93A, §2 claim is entitled to “fair and reasonable compensation for [legal] services rendered” in connection with the action. Peckham v. Continental Cas. Ins. Co., 895 F.2d 830, 841 (1st Cir. 1990), quoting from First Nat’l Bank of Boston v. Brink, 372 Mass. 257, 264 (1977). Attorney's fees are assessed in an amount equal to the reasonable and objective worth of plaintiff counsel’s professional time and effort. Hanner v. Classic Auto Body, Inc., 10 Mass. App. Ct. 121, 123 (1980). Thus attorney’s fees under G.L.c. 93A are construed as strictly compensatory in nature. See Rex Lumber Co. v. Acton Block Co., 29 Mass. App. Ct. 510 (1990) .[6] In view of the compensatory character of such fees, the claim for attorney’s fees and the award of the same against the defendant in the present case survived the death of the plaintiff.[7]
Accordingly, the court’s judgment for the plaintiff is vacated, and this case is returned to the Malden Division for an assessment of reasonable attorney’s fees. Judgment is then to be entered for the plaintiff in the amount of such fees plus costs, together with single damages of $3,220.00 and interest.
So ordered.

 See also Ryan v. Ryan, 419 Mass. 86, 89 (1994) (held that actions in contract based on malpractice survive the death of an attorney. Question of whether a claim of legal malpractice sounding in tort would survive left open).

 In determining whether an action survives the death of a party, courts “look with disfavor on rigid procedural distinctions between contract and tort and are more concerned today with substance than with form.” McStowe v. Bornstein, supra at 808 (1979).

 In exhorting trial courts to avoid excessive fee awards under G.L.c. 93A, §9, the Appeals Court stated: “It is important, finally, to keep in mind that, while G.L.c. 93A provides for penalty damages in the event of ‘wilful and knowing violations of §2,’ (be penalty finds expression in a doubling or trebling of actual damages resulting from the §2 violation, not in awards of attorneys’ fees that exceed what is reasonable in the circumstances. Thus, attorneys’ fees are not thereunder the subject of doubling or trebling, so as to become punitive [emphasis supplied].” Id. at 522.

 The fact that the prevailing party is represented by a legal services attorney is irrelevant to any determination of an award of such fees under the statute. Linthicum v. Archambault, 379 Mass. 381, 388 (1979); Lincoln Street Realty Co. v. Green, 374 Mass. 630, 631-632 (1978). Accord, Darmetko v. Boston Hous. Auth., 378 Mass. 758, 763-764 (1979). See also Awards of Attorneys’ Fees to Legal Aid Offices, 87 Harv. L. Rev. 411 (1973).